ACCEPTED
01-14-00599-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/23/2015 8:44:00 AM
CHRISTOPHER PRINE
CLERK

No. 01-14-00599-CV

IN THE COURT OF APPEALS
FOR THE FIRST JUDICIAL DISTRICT
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
11/23/2015 8:44:00 AM
CHRISTOPHER A. PRINE
Clerk

St. Mina Auto Sales, Inc. and Victor Elgohary,

Appellants,

v.

Najwa Al-Muasher d/b/a American Auto Sales and American Auto Sales 1.1,

Appellees.

Appeal from the 80th Judicial District Court
Harris County, Texas

**APPELLANTS' MOTION FOR REHEARING
AND EN BANC RECONSIDERATION**

ORAL ARGUMENT REQUESTED
_____

Victor S. Elgohary
State Bar No. 24067587
6406 Arcadia Bend Ct
Houston, Texas 77041-6222
Phone (281) 858-0014
victor@vselgohary.com
Attorneys for Appellants

## ISSUE PRESENTED

The Court erred by upholding the sanctions award and allowing the lower court to modify the judgment.

## I.    ADDITIONAL STATEMENTS OF FACT

In April 2014 the owners of Mina, AAS, and Cinco met with their priest and mediated a settlement on their own without the assistance of counsel. Mina communicated this fact to Elgohary and asked that the case be dismissed according to the parties' oral agreement.

As pointed out in the original briefs, counsel for AAS – Omar Misleh – pointed out to Elgohary that the judgment filed with the court and ultimately entered did not conform to what Misleh signed. He sent Elgohary an e-mail on May 16, 2014 to that effect. But before even substantively conferring with Elgohary regarding the problem – as required by the local rules – Misleh filed his motion for sanctions just seven days after sending the one e-mail.

The subsequent conversations between Misleh and Elgohary prior to the sanctions hearing regarding the attempts to resolve the problems with the judgment have not been disclosed in their entirety. Elgohary made efforts to confer with Misleh during the last week of May 2014 by telephone regarding Misleh's concerns and the oversight. (R.R. 15). That telephone conference between counsel resulted in Misleh's e-mail dated June 2, 2014, just 4 days before the scheduled

sanctions hearing. (Exhibit A).

In that e-mail, Misleh proposed that in order to resolve the problem, Elgohary should obtain a release from Cinco, a client Elgohary would need authorization to represent in this matter. Misleh also proposed that Cinco continue to be excluded from any agreed judgment. (Exhibit A). Elgohary responded the same day by e-mail after reviewing Misleh's proposed changes. (Exhibit B). Misleh responded with yet another version of the settlement agreement based on Elgohary's comments. (Exhibit C).

After receiving Misleh's second e-mail reply, Elgohary responded by telephone regarding Misleh's proposed revisions. During that telephone conversation, Elgohary pointed out that there were still errors in the revisions to the proposed settlement agreement between AAS and Cinco. Elgohary also expressed concerns that under Misleh's new proposal, there were still issues with how all the parties would be properly bound by a final agreed judgment. During that call, Elgohary also pointed out that Misleh's proposed order would not be equitable to the parties since AAS's claims against Cinco would not be dismissed with prejudice even if the proposed settlement agreement was signed by Cinco. Misleh's proposed solution also left AAS with a problem since Cinco was not under the jurisdiction of the lower court and could not be bound by an agreed judgment. At that point, Misleh hung up the telephone and refused to speak with

Elgohary after June 2, 2014 to work out the remaining issues, seeking instead to obtain his $2,000 sanction against Elgohary.[1]

Even after this Court issued its opinion, Elgohary again reached out to Misleh to try to get to a resolution that would address the outstanding issues and offered to get this dispute resolved as originally intended by all the parties under TEX.R.APP.P. 42.1. After almost a month and multiple requests by Elgohary for a response from Misleh regarding the proposal, Elgohary received no reply by telephone or e-mail. In order to get a response, Elgohary had to make two trips to Misleh's offices to speak with him personally since he disconnected his telephone from answering, refused to give Elgohary his alternate cell phone contact number, and did not respond to e-mails. Misleh finally responded – after Elgohary's second visit to Misleh's offices – that AAS declined Elgohary's proposal. (Exhibit E). Elgohary attempted to confer with Misleh again regarding any concerns that might effectuate such an agreement, but Misleh has not responded to Elgohary's most recent request to discuss either by telephone or e-mail.

---

1 Misleh informed Elgohary during one office visit that AAS has never compensated him for the services rendered.

## II.    ARGUMENTS & AUTHORITIES

***This Court should reverse the sanctions award and the judgment overall because the trial court's failure to hold an evidentiary hearing led to an improper judgment.***

     *A.     The record is absent of any evidence of misconduct or attorneys' fees in connection with the misconduct.*

Inherent power to sanction exists to the extent necessary to deter, alleviate, and counteract bad faith abuse of the judicial process. *Metzger v. Sebek*, 892 S.W.2d 20, 51 (Tex.App. – Houston [1st Dist.] 1994, writ denied)(citing *Kutch v. Del Mar College*, 831 S.W.2d 506 (Tex.App. – Corpus Christi 1992, no writ). In a sanctions context, a trial court must hold an evidentiary hearing to make the necessary factual determinations about a party's or attorney's motives and credibility as they relate to bad faith. *R.M. Dudley Const. Co., Inc. v. Dawson*, 258 S.W.3d 694, 709 (Tex.App. – Waco 2008, pet denied). Without such an evidentiary hearing, the trial court has no evidence before it to determine bad faith; an element that is required to invoke a court's inherent power to sanction. *Alejandro v. Robstown ISD,* 131 S.W.3d 663, 670 (Tex.App. – Corpus Christi 2004, no pet.) (citing *Karagounis v. Prop. Co. of Am.*, 970 S.W.2d 761, 765 (Tex.App. – Amarillo 1998, pet. denied); see also *Karlock v. Schattman*, 894 S.W.2d 517, 523 (Tex.App. – Fort Worth 1995, orig. proceeding). In the context of

TEX.CIV.PRAC.&REM CODE §10 – which also has a bad faith element – the party moving for sanctions must prove the offending party's subjective state of mind. *Brozynski v. Kerney,* 2006 WL 2160841, at *4 (Tex.App. – Waco Aug. 2, 2006, pet. denied) (citing *Mattly v. Spiegel, Inc.,* 19 S.W.3d 890, 896 (Tex.App. – Houston [14th Dist.] 2002, no pet.)). The same is true under TEX.R.CIV.P. 13. *Karlock v. Schattman*, 894 S.W.2d at 523.

Evidence must be admitted under the rules of evidence at an evidentiary hearing for a trial court to consider it in a sanctions context. *Alejandro v. Bell,* 84 S.W.3d 383, 393 (Tex.App. – Corpus Christi 2002, no pet.). Arguments of counsel are not evidence. *U.S. Government v. Marks*, 949 S.W.2d 320, 326 (Tex. 1997); see also *McCain v. NME Hospitals, Inc.*, 856 S.W.2d 751, 757 (Tex.App. – Dallas 1993, no writ)(citing *Delgado v. Kitzman*, 793 S.W.2d 332, 333 (Tex.App. – Houston [1st Dist.] 1990, no writ))(stating that arguments of counsel are not evidence in a sanctions context).

In the lower court, there is no evidence of any bad faith or resultant attorneys' fees in the record because there was no evidentiary hearing which would have afforded an opportunity for oral testimony and e-mail documents to be properly admitted, authenticated, and cross-examined under oath. The record only consists of argument, which contains an incomplete narrative of all the relevant events that transpired between counsel. There is not even an affidavit of attorney's

5

fees which could have been challenged. The record only contains argument and the lower court asking how much time was required for Misleh to attend the hearing and prepare the motion for sanctions, for which Misleh failed to even confer prior to its filing. That is improper and is not evidence by any recognized standard. Failure to hold an evidentiary hearing also violates Elgohary's due process rights, to which Elgohary is entitled when facing a charge by another colleague of such willful, dishonest, and malicious misconduct.

   *B. In light of Misleh's own questionable conduct, this Court's proposed opinion unfairly maligns Elgohary's reputation and does a disservice to the parties who simply wanted counsel to properly document their settlement agreement.*

   Both Misleh and Elgohary were informed by their respective clients that AAS, Cinco, and Mina reached a settlement and asked their respective counsel that the suit be dismissed in accordance with their mutual agreement. Elgohary was not present when the parties reached their agreement. On information and belief, Misleh was also not present for those settlement discussions that occurred between AAS, Mina, and Cinco.

   As is Elgohary's customary practice when documenting suits that have been settled, he attempts to secure both a settlement agreement from the parties *and* has the trial court enter an agreed judgment for all the parties involved

in the settlement. But in this case, that customary process was hindered by the fact that Cinco was not yet under the jurisdiction of the lower court since it had not been served with a citation; hence, any agreed judgment would not bind Cinco. Moreover, binding Cinco to an agreed judgment using proper procedures would be in AAS's best interest as well. But the ability to secure a settlement agreement along with a binding agreed judgment among all the parties became even more frustrated when Misleh unilaterally non-suited Cinco without prejudice based on Elgohary's e-mail remark that he did not represent Cinco at that time.

Misleh and Elgohary first conferred by telephone only after Misleh filed his motion for sanctions. Misleh did not even file a certificate of conference with his sanctions motion as required by the local rules. Despite that oversight by Misleh, Elgohary asked what Misleh wanted to do in light of the procedural mess that had been created with Cinco's non-suit and the judgment that had been entered. In those discussions, Elgohary continued to voice concern as to how a binding agreed judgment among all the parties could be obtained. At the conclusion of that first telephone conversation, Misleh drafted a new proposed settlement agreement between AAS and Cinco for Elgohary's review along with the judgment originally signed by Misleh. Exhibit A. Elgohary responded that same day with his comments. Exhibit B. Misleh then made some of Elgohary's proposed changes and added additional provisions. Exhibit C. Elgohary continued

to express concerns regarding the ability to bind AAS, Cinco, and Mina to an agreed judgment. Elgohary's request to deal with that procedural problem went unanswered when Misleh refused to communicate further with Elgohary on getting the parties' intended settlement agreement entered with the lower court in the form of an agreed judgment that dismissed all claims made by all parties with prejudice.

With Misleh's refusal to communicate further with Elgohary to resolve the differences, Elgohary was left with a dilemma; either capitulate to Misleh's demands – which did not comport with the parties intentions and was not even in the best interests of AAS or Cinco – or attend a sanctions hearing. Misleh knows – as does Elgohary – that both the judgment that was entered and the one Misleh signed was not the intent of the parties' settlement agreement as communicated to each of them. That fact is evidenced by both Elgohary and Misleh offering draft settlement documents that included Cinco on multiple occasions.

Elgohary chose to attend the sanctions hearing since Misleh's proposals to rectify the problems did not comport with the parties' agreement as Elgohary understood it and all the parties could not be bound by an agreed judgment dismissing all claims with prejudice. Misleh's proposal also made the result even more problematic as it was in none of the parties' best interest as drafted. Moreover, accepting Misleh's revised proposal to document the settlement

arrangement would have required Elgohary to take on the representation of Cinco and advise it to enter into an agreement Elgohary would have felt was not in Cinco's best interest as presented.

But to Elgohary's surprise at the sanctions hearing, the lower court presumed on its own that the *only* solution to the disagreement as it related to the entered judgment was for Elgohary to simply have offered to enter the judgment that Misleh had originally signed. Had that judgment which was originally signed by Misleh been the intention of the parties – which it is not – and had Misleh made that request with Elgohary merely ignoring Misleh, such a stern rebuke by the lower court and this Court would be warranted. But that is not what happened.

Counsel also "owes a duty of complete candor at all times" to the court. *Tesco Corp. v. Weatherford International, Inc*., No 4:08-cv-02531 (S.D. Tex. Aug. 25, 2014), at 11. The current record only contains argument and Misleh's tergiversations – rather than sworn testimony and admitted evidence – along with an assumption by the lower court of the events that transpired between Elgohary, Misleh, and the parties. An evidentiary hearing would have brought all these arguments out in the form of properly admitted evidence and testimony which could have been challenged and a fact finder could then have drawn a fully informed conclusion as to the events and the motives of the parties and their counsel. But without an evidentiary hearing and procedural due process, Elgohary

was left with no ability to challenge what Misleh attempted to present as the full and complete truth in the lower court of all the events and communications that transpired. In fact, Misleh's failure to tell the lower court the *whole* story of the communications between Misleh and Elgohary in their attempt to solve the problem of properly documenting the settlement between the parties has ultimately resulted in an unfair basis to impugn Elgohary's reputation in a published opinion. Even worse, the parties in this dispute have *still* not obtained a properly documented settlement agreement and agreed judgment they made with their priest/mediator, all because two attorneys cannot seem to work together in a constructive manner with one attorney continuing to attack the other for some unknown reason. This Court should not condone Misleh's gamesmanship at the expense of what the parties intended in their settlement discussions and Elgohary's reputation in the legal community.

## CONCLUSION

Misleh's tergiversations at the sanctions hearing and his subsequent conduct in an attempt to secure $2,000 in the lower court, $5,000 in this Court and a "win" demonstrates a lack of candor with the lower court and this Court as well as a lack of civility and professionalism that all lawyers should strive to achieve. The subsequent correspondence between Elgohary and Misleh to solve the

problem demonstrate that Misleh knows that AAS, Cinco, and Mina intended for *all* claims and parties to be properly settled and dismissed with prejudice. Those communications with Misleh are also a sign of a lack of bad faith on Elgohary's part. But Misleh chooses instead to be evasive, uncommunicative, and repeatedly refuses to work with Elgohary in a professional and civilized manner to effectuate the request of the parties. That type of conduct between counsel should not be condoned by the lower court or this Court at the expense of the parties in this action. For these reasons, Mina and Elgohary respectfully requests that this Court:

(1) grant Mina's and Elgohary's Motion for Rehearing and *en banc* Reconsideration;

(2) grant Mina's and Elgohary's request for oral argument on this matter;

(3) after rehearing, reconsideration *en banc*, and an oral hearing, remand this case back to the trial court so that it may conduct a proper evidentiary hearing on Misleh's sanctions motion and the parties' intended settlement agreement or in the alternative reverse and render the lower court's sanctions and modified judgment given that there is no evidence to support the sanctions; and

(4) grant Mina and Elgohary any and all other relief to which they may be entitled.

Respectfully submitted,

_____

VICTOR S. ELGOHARY
State Bar No. 24067587
6406 Arcadia Bend Ct
Houston, Texas 77041-6222
Phone (281) 858-0014
victor@vselgohary.com

Attorney for Appellees, Victor Elgohary

## CERTIFICATE OF SERVICE

I certify that a copy of Appellants' Motion for Rehearing was served on Najwa Al-Muasher and American Auto Sales, Appellees, through counsel of record, Omar Misleh, 10190 Katy Freeway, Suite 550, Houston, TX 77043, by electronic filing on 20 November 2015.

_____
VICTOR ELGOHARY

## CERTIFICATE OF COMPLIANCE

I certify that the Appellants' Motion for Rehearing and *en banc* Reconsideration contains 2,483 words.

_____
VICTOR ELGOHARY

# Exhibit A

**Victor Elgohary**

---

| | |
|---|---|
| **From:** | Omar Misleh <omar@mislehlaw.com> |
| **Sent:** | Monday, June 02, 2014 12:15 PM |
| **To:** | Victor Elgohary |
| **Subject:** | Mina v. Muasher |
| **Attachments:** | agreed motion to dismiss.pdf; Settlement Release (Cinco and AAS).pdf |

Attached is the settlement agreement to be signed by Cinco and AAS.  I mirrored most of the provisions contained in the earlier settlement agreement between Mina and AAS.  Also, attached is the original agreed motion to dismiss which you drafted.  We will need to sign this joint motion which will be presented to the court as the final order in this matter.

Sincerely,



**Omar Misleh | Law Office of Omar Misleh, P.C.**

10190 Katy Freeway, Suite 550 | Houston, Texas  77043 | Telephone (713) 439-1625 | Facsimile (713) 439-1551

This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 USC Sections 2510-2521, is confidential, legally privileged and intended for the sole use of those identified by the author. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If you received this transmission in error, please notify the author and destroy the message (and all attachments and enclosures thereto) immediately.

IRS CIRCULAR 230 NOTICE To the extent that this message or any attachment concerns tax matters, it is not intended to be used and cannot be used by a taxpayer for the purpose of avoiding penalties that may be imposed by law.

## SETTLEMENT AGREEMENT AND RELEASE

## RECITAL OF FACTS

This Settlement Agreement and Release ("Release" and "Agreement") is entered into by NAJWA ALMUASHER d/b/a AMERICAN AUTO SALES AND AMERICAN ATUO SALES 1.1 ("AAS") and CINCO CAR CARE, INC. ("CINCO").

WHEREAS, on or about November 30, 2012, AAS and CINCO became parties to a small claims court case before Precinct 5, Place 2 under Cause No. SC52C0334701 ("SC CASE"). The SC CASE also involved ST. MINA AUTO SALES, INC. ("MINA"). The SC CASE was subsequently dismissed by AAS, CINCO and MINA.

WHEREAS, on or about February 27, 2013, MINA filed suit against AAS in the 80th District Court of Harris County, Texas under cause no. 2013-12024 ("DC CASE"). Collectively the SC CASE and DC CASE (including the Third-Party Petition mentioned below) shall be hereinafter referred to as the "Lawsuit".

WHEREAS, the Lawsuit contains allegations: (a) by MINA against AAS for failure to tender title on a 1996 Cadillac DeVille, VIN 1G6KD52Y2TU239532 ("Subject Vehicle") and for damages allegedly incurred by MINA to repair the Subject Vehicle; and (b) by AAS against MINA for failure to pay the full amount for the Subject Vehicle.

WHEREAS, on or about April 21, 2014, AAS filed a Third-Party Petition under the DC CASE against CINCO alleging conspiracy to commit fraud.

WHEREAS, on or about April 30, 2014, MINA and AAS entered into a Settlement Agreement and Release disposing of the controversy between MINA and AAS.

WHEREAS, AAS and CINCO now desire to dispose of the entire controversy and dispute between themselves, including all claims and causes of action of any kind that currently exist or that may exist in the future that relate in any way to the occurrences described in this Agreement, alleged, or could have been alleged in the Lawsuit. The parties recognize that there may be claims or damages arising out of the transaction or occurrence described in this Agreement that are unknown to the parties at the time of execution of this Agreement, or that may arise in the future. However, the parties have negotiated this Agreement in full knowledge of the possibility of additional claims or damages, and intend this Agreement to settle and finally dispose of all such claims or damages arising out of the events, transaction or occurrences described herein, whether known or unknown.

## RELEASE

1. <u>Release by AAS</u>. Effective upon execution of this Agreement, AAS as well as any of its agents, representatives, employees, partners, insurers, attorneys, and assigns hereby RELEASE, ACQUIT and FOREVER DISCHARGE CINCO and its affiliates, directors, officers, employees, subsidiaries, agents, representatives, attorneys, assigns, successors, and insurers of and from any claims, and causes of action, known or unknown, pending or threatened, that were and/or could have been asserted regarding or arising out of the demands and claims made by AAS in the Lawsuit. This Agreement does not release or discharge any claim that AAS may hereafter have arising out of or in connection with any breach of this Agreement, or to enforce the provisions of this Agreement. AAS further extends this release to all claims, demands, damages, actions, causes of action, or suits in equity, of any kind or nature, at common law, statutory or otherwise, accruing before the date of this Agreement and whether known or unknown on this date, for or because of any matter or thing done, omitted, or suffered to be done or omitted in any way directly or indirectly arising out of any of the events or circumstances recited in this release agreement, whether asserted or not.

2. <u>Release by CINCO</u>. Effective upon execution of this Agreement, CINCO as well as its affiliates, directors, officers, employees, subsidiaries, partners, agents, representatives, attorneys, assigns, successors, insurers and assigns hereby RELEASE, ACQUIT and FOREVER DISCHARGE AAS and its employees, agents, representatives, attorneys, assigns, successors, and insurers of and from any claims, and causes of action, known or unknown, pending or threatened, that were and/or could have been asserted regarding or arising out of the demands and claims made by CINCO in the Lawsuit. This Agreement does not release or discharge any claim that CINCO may hereafter have arising out of or in connection with any breach of this Agreement, or to enforce the provisions of this Agreement. CINCO further extends this release to all claims, demands, damages, actions, causes of action, or suits in equity, of any kind or nature, at common law, statutory or otherwise, accruing before the date of this Agreement and whether known or unknown on this date, for or because of any matter or thing done, omitted, or suffered to be done or omitted in any way directly or indirectly arising out of any of the events or circumstances recited in this release agreement, whether asserted or not.

3. <u>Authority</u>. AAS and CINCO each acknowledge, represents and warrants that he/she has read and understood the effect of this Agreement and that they execute the same for the purposes and considerations set forth in this Agreement. AAS states that she executes this Agreement of his/her own free will and accord. CINCO represents and warrants that has been authorized by its respective board of directors or any lawful authority to execute this Agreement.

4. Other Acknowledgements. AAS and CINCO each acknowledge, represent and warrant that the release language in this Agreement is intended to, and understand it to be a compromise and settlement and release of all claims, known or unknown, present or future, that he/she has or may have against each other, arising out of the matters described; that the release language is clear; that in making this Agreement each Party had the benefit of counsel of its own choosing; and that no promise or representation of any kind has been made except as expressly stated in this Agreement and that neither is relying upon any such other promise or representation in executing this Agreement; and that except for the mutual covenants and consideration recited herein, no other consideration is to be exchanged by or between the Parties. AAS and CINCO have relied solely and completely upon its own judgment and the advice of its counsel in making this Agreement.

5. No Admission of Liability. It is expressly understood and agreed that the terms hereof are contractual and not merely recitals and that the agreements herein contained and the consideration transferred is to compromise doubtful and disputed claims, avoid litigation, and buy peace, and that no payments made nor releases or other consideration given shall be construed as an admission of liability, all liability being expressly denied by both sides.

6. No Assignment of Claims. AAS represents to CINCO and CINCO likewise represents to AAS that they have not assigned or transferred all or any part of the claims, demands, actions or causes of actions referred to in this Agreement to any person, firm or corporation. AAS and CINCO further represent and warrant that he/she/it is the full and sole owners of the claims, demands, actions or causes of action referred to in this Agreement.

7. Severability. If one or more of the provisions, undertakings, and/or terms embodied in this Agreement should later be found to be void, voidable, or ineffective, that finding shall have no effect on the remainder of the provisions, undertakings, and/or terms embodied herein, which remaining provisions, undertakings, and/or terms shall remain in full force and effect.

8. Jurisdiction, Venue. This agreement is made according to the laws of the State of Texas. The parties expressly agree that this agreement is governed by, and will be construed and enforced in accordance with Texas law. The parties further agree that the venue for any litigation arising out of this agreement shall be brought in State District Court located in Harris County, Texas.

9. Headings. The descriptive headings of the articles and sections of this Agreement are inserted for convenience only and do not constitute a part of the Agreement.

10. Joint Preparation. This Agreement was jointly prepared and reviewed by the Parties hereto, each of which was represented by counsel. No rule of

interpretation disfavoring the drafter of an agreement or instrument shall be applied.

11. <u>Attorneys' Fees and Costs</u>. The Parties shall bear their own costs, attorneys' fees, and expenses in connection with this Agreement.

12. <u>Successors, Assigns</u>. This Agreement is binding on and inures to the benefit of the parties and their respective heirs, representatives, successors, and assigns.

13. <u>Entire Understanding</u>. THIS AGREEMENT CONTAINS THE ENTIRE AGREEMENT BETWEEN THE PARTIES. IT SUPERSEDES ANY AND ALL PRIOR AGREEMENTS, ARRANGEMENTS, OR UNDERSTANDINGS BETWEEN THE PARTIES ON ALL SUBJECTS IN ANY WAY RELATED TO THE TRANSACTION OR OCCURRENCE DESCRIBED IN THIS AGREEMENT. NO ORAL UNDERSTANDINGS, STATEMENTS, PROMISES, OR INDUCEMENTS CONTRARY TO OR CONSISTENT WITH THE TERMS OF THIS AGREEMENT EXIST. THIS AGREEMENT IS NOT SUBJECT TO ANY REOVCATION, MODIFICATION, WAIVER, OR ADDITION THAT IS MADE ORALLY. THIS AGREEMENT IS SUBJECT TO MODIFICATION, WAIVER, OR ADDITION ONLY BY MEANS OF A WRITING SIGNED BY ALL PARTIES.

14. <u>Counterpart Execution</u>**.** This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which collectively shall constitute one and the same instrument. It shall not be necessary for the proof of this Agreement that any party produce or account for more than one such counterpart. This Agreement may be executed by facsimile or other electronic transmission and such facsimile or other electronic signatures shall be afforded the same force and effect as original signatures for all purposes.

[SIGNATURE PAGE FOLLOWS]

AGREED:

CINCO CAR CARE, INC.


By: _____

Name: _____

Title: _____

Date: _____


ACKNOWLEDGEMENT

STATE OF TEXAS          §

COUNTY OF HARRIS      §


      Before me, the undersigned Notary Public, on this day personally appeared Cinco Car Care, Inc., by and through its President Adham Mickhail, proved to me through his/her driver license to be the persons whose name is subscribed to the attached agreement. He/She acknowledged to me that he/she executed the attached Agreement for purposes and consideration expressed in the attached agreement, on behalf of said corporation.


      SWORN TO AND SUBSCRIBED BEFORE ME this the _____ day of June, 2014

.

[seal]


_____
Notary Public in and for the State of Texas

My Commission Expires: _____

AGREED:

NAJWA ALMUASHER d/b/a AMERICAN AUTO SALES and AMERICAN AUTO SALES 1.1


By: _____

Name: _____

Title: _____

Date: _____



ACKNOWLEDGEMENT

STATE OF TEXAS                    §

COUNTY OF HARRIS                  §


Before me, the undersigned Notary Public, on this day personally appeared Najwa Almuasher, proved to me through his/her driver license to be the persons whose name is subscribed to the attached Agreement. He/She acknowledged to me that he/she executed the attached Agreement for purposes and consideration expressed in the attached Agreement.


SWORN TO AND SUBSCRIBED BEFORE ME this the _____ day of June, 2014

.

[seal]


_____
Notary Public in and for the State of Texas

My Commission Expires: _____

## NO. 2013-12024

| | | |
|---|---|---|
| ST. MINA AUTO SALES, INC., | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NAJWA AL-MUASHER, | § | |
| d/b/a AMERICAN AUTO SALES, | § | |
| d/b/a AMERICAN AUTO SALES 1.1 | § | |
| | § | |
| **Defendant.** | § | 80th JUDICIAL DISTRICT |

## AGREED JOINT MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff ST. MINA AUTO SALES, INC. ("Plaintiff" and "Counter-Defendant") and Defendant NAJWA AL-MUASHER d/b/a AMERICAN AUTO SALES d/b/a AMERICAN AUTO SALES 1.1 ("Defendant" and Counter-Plaintiff) in the above-captioned suit and file this, their Agreed Motion to Dismiss with prejudice the present action and in support hereof would respectfully show the court as follows:

Plaintiff and Counter Plaintiff announce to the Court that all matters in controversy between them and Defendant and Counter-Defendant have been fully and finally resolved. Plaintiff and Counter-Plaintiff wish to dismiss all claims and causes of actions against Defendant and Counter-Defendant.

Plaintiffs and Defendants hereby move this Court to dismiss this case with prejudice with costs to be taxed against the party incurring same.

WHEREFORE PREMISES CONSIDERED, Plaintiff ST. MINA AUTO SALES and Defendant NAJWA AL-MUASHER d/b/a AMERICAN AUTO SALES d/b/a AMERICAN AUTO SALES 1.1 respectfully request the Court GRANT this Agreed Motion to Dismiss with prejudice.

_____
Victor S. Elgohary
State Bar No. 24067587
6406 Arcadia Bend Ct.
Houston, TX 77041-6222
(281) 858-0014
victor@vselgohary.com
ATTORNEY FOR ST. MINA AUTO SALES

And

LAW OFFICE OF OMAR MISLEH, P.C.

_____
Omar Misleh
State Bar No. 24037122
10190 Katy Freeway, Suite 550
Houston, TX 77043
Tel. No. (713) 439-1625
Fax No. (713) 439-1551
ATTORNEY FOR NAJWA AL-MUASHER d/b/a AMERICAN AUTO SALES

2

| ST. MINA AUTO SALES, INC., | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NAJWA AL-MUASHER, | § | |
| d/b/a AMERICAN AUTO SALES, | § | |
| d/b/a AMERICAN AUTO SALES 1.1 | § | |
| | § | |
| | § | |
| Defendant. | § | 80th JUDICIAL DISTRICT |

## ORDER GRANTING AGREED MOTION TO DISMISS

On this day came to be considered the Agreed Motion to Dismiss Defendant NAJWA AL-MUASHER d/b/a AMERICAN AUTO SALES d/b/a AMERICAN AUTO SALES 1.1 and Counter Defendant ST.MINA AUTO SALES.  The Court, having reviewed the pleadings in this matter and being advised that the parties have reached a resolution of this dispute, is of the opinion and finds that the Agreed Motion to Dismiss is meritorious and should be GRANTED.

IT IS, THEREFORE, ORDERED that the present action by Plaintiff ST.MINA AUTO SALES against Defendant NAJWA AL-MUASHER d/b/a AMERICAN AUTO SALES d/b/a AMERICAN AUTO SALES 1.1 as well as the present action by Counter-Plaintiff NAJWA AL-MUASHER d/b/a AMERICAN AUTO SALES d/b/a AMERICAN AUTO SALES 1.1against Counter-Defendant ST. MINA AUTO SALES is hereby **DISMISSED with prejudice**, with costs to be taxed against the party incurring same.

DATED this _____ day of _____, 2014.


                                      _____
                                        JUDGE PRESIDING

# <span style="color:red">Exhibit B</span>

## Victor Elgohary

| | |
|---|---|
| **From:** | Victor Elgohary <victor@vselgohary.com> |
| **Sent:** | Monday, June 02, 2014 1:54 PM |
| **To:** | 'Omar Misleh' |
| **Subject:** | RE: Mina v. Muasher |
| **Attachments:** | Settlement Release (Cinco and AAS).pdf |

My comments on the agreement are attached.

As we previously discussed, the proposed motion and order you attached are of no effect if Cinco Car Care is not under the jurisdiction of the court with proper service. Such an order would be void with regard to Cinco and Najwa if that is the case. That is one of the problems with the current order and notice of non-suit as they stand. If we are going to fix this properly under the rules of civil procedure, I would suggest that the procedural posture – if there has been no service on Cinco – would be a motion by Najwa under 329b(g) to reform the order of non-suit previously filed to read "dismissed with prejudice."

Please advise if you are willing to draft and file a motion to modify before I reach out to the owners of Cinco with this request to enter into this settlement agreement.

--
Victor

Victor Elgohary
6406 Arcadia Bend Ct.
Houston, Texas 77041
281.858.0014
victor@vselgohary.com

---

**From:** Omar Misleh [mailto:omar@mislehlaw.com]
**Sent:** Monday, June 02, 2014 12:15 PM
**To:** Victor Elgohary
**Subject:** Mina v. Muasher

Attached is the settlement agreement to be signed by Cinco and AAS. I mirrored most of the provisions contained in the earlier settlement agreement between Mina and AAS. Also, attached is the original agreed motion to dismiss which you drafted. We will need to sign this joint motion which will be presented to the court as the final order in this matter.

Sincerely,



**Omar Misleh | Law Office of Omar Misleh, P.C.**

10190 Katy Freeway, Suite 550 | Houston, Texas 77043 | Telephone (713) 439-1625 | Facsimile (713) 439-1551

This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 USC Sections 2510-2521, is confidential, legally privileged and intended for the sole use of those identified by the author. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If you received this transmission in error, please notify the author and destroy the message (and all attachments and enclosures thereto) immediately.

IRS CIRCULAR 230 NOTICE To the extent that this message or any attachment concerns tax matters, it is not intended to be used and cannot be used by a taxpayer for the purpose of avoiding penalties that may be imposed by law.

## SETTLEMENT AGREEMENT AND RELEASE

### RECITAL OF FACTS

This Settlement Agreement and Release ("Release" and "Agreement") is entered into by NAJWA ALMUASHER d/b/a AMERICAN AUTO SALES AND AMERICAN ATUO SALES 1.1 ("AAS") and CINCO CAR CARE, INC. ("CINCO").

WHEREAS, on or about November 30, 2012, AAS and CINCO became parties to a small claims court case before Precinct 5, Place 2 under Cause No. SC52C0334701 ("SC CASE"). The SC CASE also involved ST. MINA AUTO SALES, INC. ("MINA"). The SC CASE was subsequently dismissed by AAS, CINCO and MINA.
This is not an accurate statement of the small claims court case. Those were not the parties.

WHEREAS, on or about February 27, 2013, MINA filed suit against AAS in the 80th District Court of Harris County, Texas under cause no. 2013-12024 ("DC CASE"). Collectively the SC CASE and DC CASE (including the Third-Party Petition mentioned below) shall be hereinafter referred to as the "Lawsuit".

WHEREAS, the Lawsuit contains allegations: (a) by MINA against AAS for failure to tender title on a 1996 Cadillac DeVille, VIN 1G6KD52Y2TU239532 ("Subject Vehicle") and for damages allegedly incurred by MINA to repair the Subject Vehicle; and (b) by AAS against MINA for failure to pay the full amount for the Subject Vehicle.

WHEREAS, on or about April 21, 2014, AAS filed a Third-Party Petition under the DC CASE against CINCO alleging conspiracy to commit fraud.

WHEREAS, on or about April ~~30~~ 28, 2014, MINA and AAS entered into a Settlement Agreement and Release disposing of ~~the controversy between MINA and AAS.~~ all claims in the lawsuit.

WHEREAS, AAS and CINCO now desire to dispose of the entire controversy and dispute between themselves, including all claims and causes of action of any kind that currently exist or that may exist in the future that relate in any way to the occurrences described in this Agreement, alleged, or could have been alleged in the Lawsuit. The parties recognize that there may be claims or damages arising out of the transaction or occurrence described in this Agreement that are unknown to the parties at the time of execution of this Agreement, or that may arise in the future. However, the parties have negotiated this Agreement in full knowledge of the possibility of additional claims or damages, and intend this Agreement to settle and finally dispose of all such claims or damages arising out of the events, transaction or occurrences described herein, whether known or unknown.

AAS agrees to non-suit all claims with prejudice that have been brought against Cinco.

RELEASE

1. Release by AAS. Effective upon execution of this Agreement, AAS as well as any of its agents, representatives, employees, partners, insurers, attorneys, and assigns hereby RELEASE, ACQUIT and FOREVER DISCHARGE CINCO and its affiliates, directors, officers, employees, subsidiaries, agents, representatives, attorneys, assigns, successors, and insurers of and from any claims, and causes of action, known or unknown, pending or threatened, that were and/or could have been asserted regarding or arising out of the demands and claims made by AAS in the Lawsuit. This Agreement does not release or discharge any claim that AAS may hereafter have arising out of or in connection with any breach of this Agreement, or to enforce the provisions of this Agreement. AAS further extends this release to all claims, demands, damages, actions, causes of action, or suits in equity, of any kind or nature, at common law, statutory or otherwise, accruing before the date of this Agreement and whether known or unknown on this date, for or because of any matter or thing done, omitted, or suffered to be done or omitted in any way directly or indirectly arising out of any of the events or circumstances recited in this release agreement, whether asserted or not.

Cinco further agrees to release any mechanics liens on the Subject Vehicle that is the basis of this suit

2. Release by CINCO. Effective upon execution of this Agreement, CINCO as well as its affiliates, directors, officers, employees, subsidiaries, partners, agents, representatives, attorneys, assigns, successors, insurers and assigns hereby RELEASE, ACQUIT and FOREVER DISCHARGE AAS and its employees, agents, representatives, attorneys, assigns, successors, and insurers of and from any claims, and causes of action, known or unknown, pending or threatened, that were and/or could have been asserted regarding or arising out of the demands and claims made by CINCO in the Lawsuit. This Agreement does not release or discharge any claim that CINCO may hereafter have arising out of or in connection with any breach of this Agreement, or to enforce the provisions of this Agreement. CINCO further extends this release to all claims, demands, damages, actions, causes of action, or suits in equity, of any kind or nature, at common law, statutory or otherwise, accruing before the date of this Agreement and whether known or unknown on this date, for or because of any matter or thing done, omitted, or suffered to be done or omitted in any way directly or indirectly arising out of any of the events or circumstances recited in this release agreement, whether asserted or not.

3. Authority. AAS and CINCO each acknowledge, represents and warrants that he/she has read and understood the effect of this Agreement and that they execute the same for the purposes and considerations set forth in this Agreement. AAS states that she executes this Agreement of his/her own free will and accord. CINCO represents and warrants that has been authorized by its respective board of directors or any lawful authority to execute this Agreement.

4. <u>Other Acknowledgements</u>.  AAS and CINCO each acknowledge, represent and warrant that the release language in this Agreement is intended to, and understand it to be a compromise and settlement and release of all claims, known or unknown, present or future, that he/she has or may have against each other, arising out of the matters described; that the release language is clear; that in making this Agreement each Party had the benefit of counsel of its own choosing; and that no promise or representation of any kind has been made except as expressly stated in this Agreement and that neither is relying upon any such other promise or representation in executing this Agreement; and that except for the mutual covenants and consideration recited herein, no other consideration is to be exchanged by or between the Parties. AAS and CINCO have relied solely and completely upon its own judgment and the advice of its counsel in making this Agreement.

5. <u>No Admission of Liability</u>.  It is expressly understood and agreed that the terms hereof are contractual and not merely recitals and that the agreements herein contained and the consideration transferred is to compromise doubtful and disputed claims, avoid litigation, and buy peace, and that no payments made nor releases or other consideration given shall be construed as an admission of liability, all liability being expressly denied by both sides.

6. <u>No Assignment of Claims</u>.  AAS represents to CINCO and CINCO likewise represents to AAS that they have not assigned or transferred all or any part of the claims, demands, actions or causes of actions referred to in this Agreement to any person, firm or corporation.  AAS and CINCO further represent and warrant that he/she/it is the full and sole owners of the claims, demands, actions or causes of action referred to in this Agreement.

7. <u>Severability</u>. If one or more of the provisions, undertakings, and/or terms embodied in this Agreement should later be found to be void, voidable, or ineffective, that finding shall have no effect on the remainder of the provisions, undertakings, and/or terms embodied herein, which remaining provisions, undertakings, and/or terms shall remain in full force and effect.

8. <u>Jurisdiction, Venue</u>.  This agreement is made according to the laws of the State of Texas. The parties expressly agree that this agreement is governed by, and will be construed and enforced in accordance with Texas law.  The parties further agree that the venue for any litigation arising out of this agreement shall be brought in State District Court located in Harris County, Texas.

9. <u>Headings</u>. The descriptive headings of the articles and sections of this Agreement are inserted for convenience only and do not constitute a part of the Agreement.

10. <u>Joint Preparation</u>. This Agreement was jointly prepared and reviewed by the Parties hereto, each of which was represented by counsel. No rule of

interpretation disfavoring the drafter of an agreement or instrument shall be applied.

11. <u>Attorneys' Fees and Costs</u>. The Parties shall bear their own costs, attorneys' fees, and expenses in connection with this Agreement.

12. <u>Successors, Assigns</u>.  This Agreement is binding on and inures to the benefit of the parties and their respective heirs, representatives, successors, and assigns.

13. <u>Entire Understanding</u>.  THIS AGREEMENT CONTAINS THE ENTIRE AGREEMENT BETWEEN THE PARTIES. IT SUPERSEDES ANY AND ALL PRIOR AGREEMENTS, ARRANGEMENTS, OR UNDERSTANDINGS BETWEEN THE PARTIES ON ALL SUBJECTS IN ANY WAY RELATED TO THE TRANSACTION OR OCCURRENCE DESCRIBED IN THIS AGREEMENT. NO ORAL UNDERSTANDINGS, STATEMENTS, PROMISES, OR INDUCEMENTS CONTRARY TO OR CONSISTENT WITH THE TERMS OF THIS AGREEMENT EXIST. THIS AGREEMENT IS NOT SUBJECT TO ANY REOVCATION, MODIFICATION, WAIVER, OR ADDITION THAT IS MADE ORALLY. THIS AGREEMENT IS SUBJECT TO MODIFICATION, WAIVER, OR ADDITION ONLY BY MEANS OF A WRITING SIGNED BY ALL PARTIES.

14. <u>Counterpart Execution</u>**.** This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which collectively shall constitute one and the same instrument. It shall not be necessary for the proof of this Agreement that any party produce or account for more than one such counterpart. This Agreement may be executed by facsimile or other electronic transmission and such facsimile or other electronic signatures shall be afforded the same force and effect as original signatures for all purposes.

[SIGNATURE PAGE FOLLOWS]

AGREED:

CINCO CAR CARE, INC.


By: _____

Name: _____

Title: _____

Date: _____


ACKNOWLEDGEMENT

STATE OF TEXAS                    §

COUNTY OF HARRIS                  §


Before me, the undersigned Notary Public, on this day personally appeared Cinco Car Care, Inc., by and through its President Adham Mickhail, proved to me through his/her driver license to be the persons whose name is subscribed to the attached agreement. He/She acknowledged to me that he/she executed the attached Agreement for purposes and consideration expressed in the attached agreement, on behalf of said corporation.


SWORN TO AND SUBSCRIBED BEFORE ME this the _____ day of June, 2014.

[seal]


_____
Notary Public in and for the State of Texas

My Commission Expires: ___ _____

AGREED:

NAJWA ALMUASHER d/b/a AMERICAN AUTO SALES and AMERICAN AUTO SALES 1.1

By: _____

Name: _____

Title: _____

Date: _____


## ACKNOWLEDGEMENT

STATE OF TEXAS                              §

COUNTY OF HARRIS                       §


Before me, the undersigned Notary Public, on this day personally appeared Najwa Almuasher, proved to me through his/her driver license to be the persons whose name is subscribed to the attached Agreement. He/She acknowledged to me that he/she executed the attached Agreement for purposes and consideration expressed in the attached Agreement.

SWORN TO AND SUBSCRIBED BEFORE ME this the _____ day of June, 2014

.

[seal]

_____
Notary Public in and for the State of Texas

My Commission Expires: _____

# Exhibit C

**Victor Elgohary**

---

| | |
|---|---|
| **From:** | Victor Elgohary <victor@vselgohary.com> |
| **Sent:** | Monday, June 02, 2014 5:55 PM |
| **To:** | 'Omar Misleh' |
| **Subject:** | RE: Mina v. Muasher |

All that "explanation" aside, tell me how the court currently has jurisdiction over Cinco Car Care, Inc. which would make an order signed by the court valid.

--

Victor

Victor Elgohary
6406 Arcadia Bend Ct.
Houston, Texas 77041
281.858.0014
victor@vselgohary.com

---

**From:** Omar Misleh [mailto:omar@mislehlaw.com]
**Sent:** Monday, June 02, 2014 5:22 PM
**To:** Victor Elgohary
**Subject:** RE: Mina v. Muasher

I disagree that the proposed motion and order is of no effect. If I had not dismissed Cinco, then the altered motion and order you filed would have been interlocutory as there would have been a pending third-party claim by AAS against Cinco. By non-suiting Cinco as I did, the agreed upon order that should have been filed would have been final. Instead, the altered order signed on May 12 became the final order. AAS had never agreed to dismiss Cinco with prejudice and the altered motion and order you submitted need to revert back to the original motion and order agreed upon. The conflict lies within the altered order because it purports to dismiss a party with prejudice that had already been dismissed without prejudice. Therefore, the motion and order you submitted needs to change, not the non-suit filed by AAS.

Also, since Cinco was not served based on your comments, then AAS cannot dismiss Cinco with prejudice in this case as there would be no reciprocal dismissal with prejudice by Cinco against AAS. There are adequate protections already built into this new settlement agreement between AAS and Cinco we are discussing.

Some of the requested changes were made but not all. I did include language regarding Cinco's dismissal of the mechanics lien. I will need Cinco to sign the acknowledgment.

Sincerely,



**Omar Misleh | Law Office of Omar Misleh, P.C.**
10190 Katy Freeway, Suite 550 | Houston, Texas 77043 | Telephone (713) 439-1625 | Facsimile (713) 439-1551

This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 USC Sections 2510-2521, is confidential, legally privileged and intended for the sole use of those identified by the author. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If you received this transmission in error, please notify the author and destroy the message (and all attachments and enclosures thereto) immediately.

IRS CIRCULAR 230 NOTICE To the extent that this message or any attachment concerns tax matters, it is not intended to be used and cannot be used by a taxpayer for the purpose of avoiding penalties that may be imposed by law.

**From:** Victor Elgohary [mailto:victor@vselgohary.com]
**Sent:** Monday, June 02, 2014 1:54 PM
**To:** Omar Misleh
**Subject:** RE: Mina v. Muasher

My comments on the agreement are attached.

As we previously discussed, the proposed motion and order you attached are of no effect if Cinco Car Care is not under the jurisdiction of the court with proper service. Such an order would be void with regard to Cinco and Najwa if that is the case. That is one of the problems with the current order and notice of non-suit as they stand. If we are going to fix this properly under the rules of civil procedure, I would suggest that the procedural posture – if there has been no service on Cinco – would be a motion by Najwa under 329b(g) to reform the order of non-suit previously filed to read "dismissed with prejudice."

Please advise if you are willing to draft and file a motion to modify before I reach out to the owners of Cinco with this request to enter into this settlement agreement.

--
Victor

Victor Elgohary
6406 Arcadia Bend Ct.
Houston, Texas 77041
281.858.0014
victor@vselgohary.com

**From:** Omar Misleh [mailto:omar@mislehlaw.com]
**Sent:** Monday, June 02, 2014 12:15 PM
**To:** Victor Elgohary
**Subject:** Mina v. Muasher

Attached is the settlement agreement to be signed by Cinco and AAS. I mirrored most of the provisions contained in the earlier settlement agreement between Mina and AAS. Also, attached is the original agreed motion to dismiss which you drafted. We will need to sign this joint motion which will be presented to the court as the final order in this matter.

Sincerely,



**Omar Misleh | Law Office of Omar Misleh, P.C.**
10190 Katy Freeway, Suite 550 | Houston, Texas 77043 | Telephone (713) 439-1625 | Facsimile (713) 439-1551

This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 USC Sections 2510-2521, is confidential, legally privileged and intended for the sole use of those identified by the author. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If you received this transmission in error, please notify the author and destroy the message (and all attachments and enclosures thereto) immediately.

IRS CIRCULAR 230 NOTICE To the extent that this message or any attachment concerns tax matters, it is not intended to be used and cannot be used by a taxpayer for the purpose of avoiding penalties that may be imposed by law.

## SETTLEMENT AGREEMENT AND RELEASE

## RECITAL OF FACTS

This Settlement Agreement and Release ("Release" and "Agreement") is entered into by NAJWA ALMUASHER d/b/a AMERICAN AUTO SALES AND AMERICAN ATUO SALES 1.1 ("AAS") and CINCO CAR CARE, INC. ("CINCO").

WHEREAS, on or about November 30, 2012, AAS and ~~CINCO~~ Adham Mickhail, individually became parties to a small claims court case before Precinct 5, Place 2 under Cause No. SC52C0334701 ("SC CASE"). Magdy Saweris is president of CINCO and has asserted a mechanics lien on the Subject Vehicle (defined below). The SC CASE also involved Magdy Saweris as defendant and ST. MINA AUTO SALES, INC. ("MINA") as Counter-Plaintiff. The SC CASE was subsequently dismissed by AAS, CINCO and MINA.

WHEREAS, on or about February 27, 2013, MINA filed suit against AAS in the 80th District Court of Harris County, Texas under cause no. 2013-12024 ("DC CASE"). Collectively the SC CASE and DC CASE (including the Third-Party Petition mentioned below) shall be hereinafter referred to as the "Lawsuit".

WHEREAS, the Lawsuit contains allegations: (a) by MINA against AAS for failure to tender title on a 1996 Cadillac DeVille, VIN 1G6KD52Y2TU239532 ("Subject Vehicle") and for damages allegedly incurred by MINA to repair the Subject Vehicle; and (b) by AAS against MINA for failure to pay the full amount for the Subject Vehicle.

WHEREAS, on or about April 21, 2014, AAS filed a Third-Party Petition under the DC CASE against CINCO alleging conspiracy to commit fraud.

WHEREAS, on or about April 30, 2014, MINA and AAS entered into a Settlement Agreement and Release disposing of ~~the controversy~~ all claims in the Lawsuit between MINA and AAS.

WHEREAS, AAS and CINCO now desire to dispose of the entire controversy and dispute between themselves, including all claims and causes of action of any kind that currently exist or that may exist in the future that relate in any way to the occurrences described in this Agreement, alleged, or could have been alleged in the Lawsuit. The parties recognize that there may be claims or damages arising out of the transaction or occurrence described in this Agreement that are unknown to the parties at the time of execution of this Agreement, or that may arise in the future. However, the parties have negotiated this Agreement in full knowledge of the possibility of additional claims or damages, and intend this Agreement to settle and finally dispose of all such claims or damages arising out of the events, transaction or occurrences described herein, whether known or unknown.

## RELEASE

1. <u>Release by AAS</u>. Effective upon execution of this Agreement, AAS as well as any of its agents, representatives, employees, partners, insurers, attorneys, and assigns hereby RELEASE, ACQUIT and FOREVER DISCHARGE CINCO and its affiliates, directors, officers, employees, subsidiaries, agents, representatives, attorneys, assigns, successors, and insurers of and from any claims, and causes of action, known or unknown, pending or threatened, that were and/or could have been asserted regarding or arising out of the demands and claims made by AAS in the Lawsuit. This Agreement does not release or discharge any claim that AAS may hereafter have arising out of or in connection with any breach of this Agreement, or to enforce the provisions of this Agreement. AAS further extends this release to all claims, demands, damages, actions, causes of action, or suits in equity, of any kind or nature, at common law, statutory or otherwise, accruing before the date of this Agreement and whether known or unknown on this date, for or because of any matter or thing done, omitted, or suffered to be done or omitted in any way directly or indirectly arising out of any of the events or circumstances recited in this release agreement, whether asserted or not.

2. <u>Release by CINCO</u>. Effective upon execution of this Agreement, CINCO as well as its affiliates, directors, officers, employees, subsidiaries, partners, agents, representatives, attorneys, assigns, successors, insurers and assigns hereby RELEASE, ACQUIT and FOREVER DISCHARGE AAS and its employees, agents, representatives, attorneys, assigns, successors, and insurers of and from any claims, and causes of action, known or unknown, pending or threatened, that were and/or could have been asserted regarding or arising out of the demands and claims made by CINCO in the Lawsuit. <u>CINCO does hereby release any mechanics lien on the Subject Vehicle made the basis of the Lawsuit.</u> This Agreement does not release or discharge any claim that CINCO may hereafter have arising out of or in connection with any breach of this Agreement, or to enforce the provisions of this Agreement. CINCO further extends this release to all claims, demands, damages, actions, causes of action, or suits in equity, of any kind or nature, at common law, statutory or otherwise, accruing before the date of this Agreement and whether known or unknown on this date, for or because of any matter or thing done, omitted, or suffered to be done or omitted in any way directly or indirectly arising out of any of the events or circumstances recited in this release agreement, whether asserted or not.

3. <u>Authority</u>. AAS and CINCO each acknowledge, represents and warrants that he/she has read and understood the effect of this Agreement and that they execute the same for the purposes and considerations set forth in this Agreement. AAS states that she executes this Agreement of his/her own free will and accord. CINCO represents and warrants that has been authorized by its respective board of directors or any lawful authority to execute this Agreement.

4. Other Acknowledgements.  AAS and CINCO each acknowledge, represent and warrant that the release language in this Agreement is intended to, and understand it to be a compromise and settlement and release of all claims, known or unknown, present or future, that he/she has or may have against each other, arising out of the matters described; that the release language is clear; that in making this Agreement each Party had the benefit of counsel of its own choosing; and that no promise or representation of any kind has been made except as expressly stated in this Agreement and that neither is relying upon any such other promise or representation in executing this Agreement; and that except for the mutual covenants and consideration recited herein, no other consideration is to be exchanged by or between the Parties. AAS and CINCO have relied solely and completely upon its own judgment and the advice of its counsel in making this Agreement.

5. No Admission of Liability.  It is expressly understood and agreed that the terms hereof are contractual and not merely recitals and that the agreements herein contained and the consideration transferred is to compromise doubtful and disputed claims, avoid litigation, and buy peace, and that no payments made nor releases or other consideration given shall be construed as an admission of liability, all liability being expressly denied by both sides.

6. No Assignment of Claims.  AAS represents to CINCO and CINCO likewise represents to AAS that they have not assigned or transferred all or any part of the claims, demands, actions or causes of actions referred to in this Agreement to any person, firm or corporation.  AAS and CINCO further represent and warrant that he/she/it is the full and sole owners of the claims, demands, actions or causes of action referred to in this Agreement.

7. Severability.  If one or more of the provisions, undertakings, and/or terms embodied in this Agreement should later be found to be void, voidable, or ineffective, that finding shall have no effect on the remainder of the provisions, undertakings, and/or terms embodied herein, which remaining provisions, undertakings, and/or terms shall remain in full force and effect.

8. Jurisdiction, Venue.  This agreement is made according to the laws of the State of Texas. The parties expressly agree that this agreement is governed by, and will be construed and enforced in accordance with Texas law.  The parties further agree that the venue for any litigation arising out of this agreement shall be brought in State District Court located in Harris County, Texas.

9. Headings.  The descriptive headings of the articles and sections of this Agreement are inserted for convenience only and do not constitute a part of the Agreement.

10. Joint Preparation.  This Agreement was jointly prepared and reviewed by the Parties hereto, each of which was represented by counsel. No rule of

Settlement Agreement and Release        Page 3 of 6
AAS and Cinco

interpretation disfavoring the drafter of an agreement or instrument shall be applied.

11. <u>Attorneys' Fees and Costs</u>. The Parties shall bear their own costs, attorneys' fees, and expenses in connection with this Agreement.

12. <u>Successors, Assigns</u>.  This Agreement is binding on and inures to the benefit of the parties and their respective heirs, representatives, successors, and assigns.

13. <u>Entire Understanding</u>.  THIS AGREEMENT CONTAINS THE ENTIRE AGREEMENT BETWEEN THE PARTIES. IT SUPERSEDES ANY AND ALL PRIOR AGREEMENTS, ARRANGEMENTS, OR UNDERSTANDINGS BETWEEN THE PARTIES ON ALL SUBJECTS IN ANY WAY RELATED TO THE TRANSACTION OR OCCURRENCE DESCRIBED IN THIS AGREEMENT. NO ORAL UNDERSTANDINGS, STATEMENTS, PROMISES, OR INDUCEMENTS CONTRARY TO OR CONSISTENT WITH THE TERMS OF THIS AGREEMENT EXIST. THIS AGREEMENT IS NOT SUBJECT TO ANY REOVCATION, MODIFICATION, WAIVER, OR ADDITION THAT IS MADE ORALLY. THIS AGREEMENT IS SUBJECT TO MODIFICATION, WAIVER, OR ADDITION ONLY BY MEANS OF A WRITING SIGNED BY ALL PARTIES.

14. <u>Counterpart Execution</u>**.** This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which collectively shall constitute one and the same instrument. It shall not be necessary for the proof of this Agreement that any party produce or account for more than one such counterpart. This Agreement may be executed by facsimile or other electronic transmission and such facsimile or other electronic signatures shall be afforded the same force and effect as original signatures for all purposes.

[SIGNATURE PAGE FOLLOWS]

AGREED:

CINCO CAR CARE, INC.


By: _____

Name: _____

Title: _____

Date: _____



ACKNOWLEDGEMENT

STATE OF TEXAS                         §

COUNTY OF HARRIS                       §


     Before me, the undersigned Notary Public, on this day personally appeared Cinco Car Care, Inc., by and through its President Adham Mickhail, proved to me through his/her driver license to be the persons whose name is subscribed to the attached agreement. He/She acknowledged to me that he/she executed the attached Agreement for purposes and consideration expressed in the attached agreement, on behalf of said corporation.


     SWORN TO AND SUBSCRIBED BEFORE ME this the _____ day of June, 2014

.

[seal]


                                     _____
                                     Notary Public in and for the State of Texas

                                     My Commission Expires: _____

AGREED:

NAJWA ALMUASHER d/b/a AMERICAN AUTO SALES and AMERICAN AUTO SALES 1.1


By: _____

Name: _____

Title: _____

Date: _____


<u>ACKNOWLEDGEMENT</u>

STATE OF TEXAS                           §

COUNTY OF HARRIS                    §


        Before me, the undersigned Notary Public, on this day personally appeared Najwa Almuasher, proved to me through his/her driver license to be the persons whose name is subscribed to the attached Agreement. He/She acknowledged to me that he/she executed the attached Agreement for purposes and consideration expressed in the attached Agreement.


        SWORN TO AND SUBSCRIBED BEFORE ME this the _____ day of June, 2014 .

        [seal]


                                                        _____
                                                        Notary Public in and for the State of Texas

                                                        My Commission Expires: _____

# Exhibit D

## Victor Elgohary

| | |
|---|---|
| **From:** | Omar Misleh <omar@mislehlaw.com> |
| **Sent:** | Monday, June 09, 2014 11:27 AM |
| **To:** | Victor Elgohary |
| **Subject:** | RE: Reformed Order |

Not true.  The reformed order is fully consistent with the settlement agreement and judge's ruling.  Your client presented its argument to the court and it was not granted.  Are there any comments aside from that?

Sincerely,



**Omar Misleh | Law Office of Omar Misleh, P.C.**

10190 Katy Freeway, Suite 550 | Houston, Texas  77043 | Telephone (713) 439-1625 | Facsimile (713) 439-1551

This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 USC Sections 2510-2521, is confidential, legally privileged and intended for the sole use of those identified by the author. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If you received this transmission in error, please notify the author and destroy the message (and all attachments and enclosures thereto) immediately.

IRS CIRCULAR 230 NOTICE To the extent that this message or any attachment concerns tax matters, it is not intended to be used and cannot be used by a taxpayer for the purpose of avoiding penalties that may be imposed by law.

---

**From:** Victor Elgohary [mailto:victor@vselgohary.com]
**Sent:** Monday, June 09, 2014 10:48 AM
**To:** Omar Misleh
**Subject:** RE: Reformed Order

It is still inconsistent with the settlement agreement.

--
Victor

Victor Elgohary
6406 Arcadia Bend Ct.
Houston, Texas 77041
281.858.0014
victor@vselgohary.com

---

**From:** Omar Misleh [mailto:omar@mislehlaw.com]
**Sent:** Monday, June 09, 2014 10:14 AM
**To:** Victor Elgohary
**Subject:** Reformed Order

Consistent with the court's ruling on Friday, June 6, attached please find a proposed reformed order.  If you have any comments to the same, please so advise.  I plan on filing this by end of the day today.

Sincerely,



**Omar Misleh | Law Office of Omar Misleh, P.C.**
10190 Katy Freeway, Suite 550 | Houston, Texas 77043 | Telephone (713) 439-1625 | Facsimile (713) 439-1551

This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 USC Sections 2510-2521, is confidential, legally privileged and intended for the sole use of those identified by the author. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If you received this transmission in error, please notify the author and destroy the message (and all attachments and enclosures thereto) immediately.

IRS CIRCULAR 230 NOTICE To the extent that this message or any attachment concerns tax matters, it is not intended to be used and cannot be used by a taxpayer for the purpose of avoiding penalties that may be imposed by law.

**CAUSE NO. 2013-12024**

| | | |
|---|---|---|
| **ST. MINA AUTO SALES, INC.** | § | **IN THE DISTRICT COURT** |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **80th JUDICIAL DISTRICT** |
| | § | |
| **NAJWA AL-MUASHER d/b/a** | § | |
| **AMERICAN AUTO SALES d/b/a** | § | |
| **AMERICAN AUTO SALES 1.1** | § | |
| *Defendants* | § | **OF HARRIS COUNTY, TEXAS** |

**REFORMED DISMISSAL ORDER**

On June 6, 2014, the Court considered Movant's NAJWA AL-MUASHER d/b/a AMERICAN AUTO SALES' Motion to Reinstate and Dismiss, or in the alternative, Motion to Reform, Modify or Correct the Judgment and Motion for Sanctions ("Motion"). After considering the Motion, Plaintiff's Response, the evidence and arguments of counsel, the Court is of the opinion that the Motion should be granted.

**IT IS ORDERED** that the paragraph 2 of Order signed on May 14, 2014 is reformed to read as follows:

**IT IS THEREFORE ORDERED** that the present action by ST. MINA AUTO SALES, INC. against Defendant NAJWA AL-MUASHER d/b/a AMERICAN AUTO SALES d/b/a AMERICAN AUTO SALES 1.1 as well as the present action by Counter-Plaintiff NAJWA AL-MUASHER d/b/a AMERICAN AUTO SALES d/b/a AMERICAN AUTO SALES 1.1 against Counter-Defendant ST. MINA AUTO SALES, INC. is hereby dismissed with prejudice, with costs to be taxed against the party incurring the same.

Signed this _____ day of June, 2014.

_____
Judge Presiding

# Exhibit E

**Victor Elgohary**

| | |
|---|---|
| **From:** | Victor Elgohary <victor@vselgohary.com> |
| **Sent:** | Monday, November 09, 2015 2:01 PM |
| **To:** | 'Omar Misleh' |
| **Subject:** | RE: proposal |

Can we talk?

--

Victor

Victor Elgohary
6406 Arcadia Bend Ct.
Houston, Texas 77041
281.858.0014
victor@vselgohary.com

**From:** Omar Misleh [mailto:omar@mislehlaw.com]
**Sent:** Monday, November 09, 2015 1:22 PM
**To:** Victor Elgohary
**Subject:** RE: proposal

Victor, client has declined your proposal.

Regards,



**Omar Misleh | Law Office of Omar Misleh, P.C.**

10190 Katy Freeway, Suite 550 | Houston, Texas  77043 | Telephone (713) 439-1625 | Facsimile (713) 439-1551

This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 USC Sections 2510-2521, is confidential, legally privileged and intended for the sole use of those identified by the author. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If you received this transmission in error, please notify the author and destroy the message (and all attachments and enclosures thereto) immediately.

IRS CIRCULAR 230 NOTICE To the extent that this message or any attachment concerns tax matters, it is not intended to be used and cannot be used by a taxpayer for the purpose of avoiding penalties that may be imposed by law.

**From:** Victor Elgohary [mailto:victor@vselgohary.com]
**Sent:** Monday, November 02, 2015 11:03 AM
**To:** Omar Misleh <omar@mislehlaw.com>
**Subject:** RE: proposal

Omar-

Thoughts since we met last week? I'm still unable to reach you by telephone.

--

Victor

Victor Elgohary
6406 Arcadia Bend Ct.
Houston, Texas 77041
281.858.0014
victor@vselgohary.com

---

**From:** Victor Elgohary [mailto:victor@vselgohary.com]
**Sent:** Monday, October 19, 2015 3:59 PM
**To:** 'omar@mislehlaw.com'
**Subject:** RE: proposal

Omar-

Did you receive my proposal last week? I wanted to touch base to get your thoughts.

--
Victor

Victor Elgohary
6406 Arcadia Bend Ct.
Houston, Texas 77041
281.858.0014
victor@vselgohary.com

---

**From:** Victor Elgohary [mailto:victor@vselgohary.com]
**Sent:** Tuesday, October 13, 2015 10:41 AM
**To:** 'omar@mislehlaw.com'
**Subject:** proposal

Omar-

Attached is a proposal based on our discussions yesterday. The rule on which to do this is procedurally is T.R.A.P. 42.1 which can be found here on page 50.

The mechanics are that the Motion with the Rule 11 agreement would be filed with the court. We would also work to get the attached settlement agreement signed. When the case is remanded, we can set a motion for submission to enter the order that is attached to the Rule 11 agreement for the trial court to sign.

Feel free to modify it based on what you would like to do to proceed. Call me with any questions you might have.

--
Victor

Victor Elgohary
6406 Arcadia Bend Ct.
Houston, Texas 77041
281.858.0014
victor@vselgohary.com

**Law Offices of Victor S. Elgohary**
**6406 Arcadia Bend Ct**
**Houston, Texas 77041-6222**
**281-858-0014**
**victor@vselgohary.com**

October 12, 2015

Omar Misleh                                     *Via E-mail:  omar@mislehlaw.com*
Law Office of Omar Misleh, P.C.
10190 Katy Freeway, Suite 550
Houston, Texas 77043

> Re:     Cause No. 2013-12024; *St. Mina Auto Sales, Inc. v. Najwa Al-Muasher d/b/a American Auto Sales, et al.*; In the 80th Judicial District Court, Harris County, Texas.

## RULE 11 AGREEMENT

Dear Mr. Misleh:

Please allow this correspondence to serve as our Rule 11 Agreement, wherein your client has agreed to full and final settlement of all claims against Cinco Auto Care as well as St. Mina Auto Sales in the above-styled and numbered cause.

In order to enter the attached agreed judgment dismissing all claims and all parties, Elgohary and Mina agree to secure a release of Najwa Al-Muasher from Cinco Car Care. Misleh and Najwa Al-Muasher also agree to rescind the request for sanctions against Elgohary.

If this comports with your understanding of our agreement, please sign below and return this Rule 11 Agreement back to me via e-mail.  If this does not comport with your understanding of our agreement, please contact me.

Your consideration and professional courtesy in this matter is greatly appreciated.

Very truly yours,



Victor Elgohary

**AGREED:**


_____                    _____
Omar Misleh                                                                              Date
Counsel for Plaintiff, Najwa Al-Muasher

No. 01-14-00599-CV


IN THE COURT OF APPEALS
FOR THE FIRST JUDICIAL DISTRICT
HOUSTON, HARRIS COUNTY, TEXAS


St. Mina Auto Sales, Inc. and Victor Elgohary,

Appellants,


v.


Najwa Al-Muasher d/b/a American Auto Sales and American Auto Sales 1.1

Appellees.


JOINT MOTION TO ABATE APPEAL &

PERMIT PROCEEDINGS IN THE TRIAL COURT


TO THE HONORABLE FIRST COURT OF APPEALS:

Appellants and Appellee ask the Court to abate the appeal and remand the case.

A. INTRODUCTION

1.      Appellants are St. Mina Auto Sales, Inc. and Victor Elgohary.

2.      Appellee is Najwa Al-Muasher d/b/a American Auto Sales and

American Auto Sales 1.1.

## B. ARGUMENT & AUTHORITIES

3.      The Court has the authority under TEX.R.APP.PROC. 42.1 to set aside the trial court's judgment without regards to the merits and remand the case to the trial court for rendition of judgment in accordance with the agreement between the parties. That agreement is attached in exhibit A.

4.      The Court also has the authority under TEX.R.APP.PROC. 42.1 to abate the appeal and permit proceedings in the trial court to effectuate the agreement.

5.      The parties request that the Court consider withdrawing its opinion and taxing costs against Appellants.

## C. Prayer

9.      For these reasons, the parties and their counsel ask the Court to grant this motion to effectuate the settlement agreement between them.


_____          _____

VICTOR S. ELGOHARY                    OMAR MISLEH

State Bar No. 24067587                State Bar No. 24037122
6406 Arcadia Bend Ct.                 10190 Katy Freeway, Suite 550
Houston, Texas 77041-6222            Houston, Texas 77043
Phone (281) 858-0014                 Phone (713) 439-1625
victor@vselgohary.com                omar@misleh.com
Attorneys for Appellants             Attorney for Appellee

| | | |
|---|---|---|
| **ST. MINA AUTO SALES, INC.,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **NAJWA AL-MUASHER,** | § | |
| **d/b/a AMERICAN AUTO SALES,** | § | |
| **d/b/a AMERICAN AUTO SALES 1.1** | § | |
| | § | |
| **Defendant.** | § | **80th JUDICIAL DISTRICT** |

### ORDER GRANTING AGREED MOTION TO DISMISS

On this day came to be considered the Agreed Motion to Dismiss Defendant NAJWA AL-MUASHER d/b/a AMERICAN AUTO SALES d/b/a AMERICAN AUTO SALES 1.1 and Counter Defendant ST.MINA AUTO SALES.  The Court, having reviewed the pleadings in this matter and being advised that the parties have reached a resolution of this dispute, is of the opinion and finds that the Agreed Motion to Dismiss is meritorious and should be GRANTED.

IT IS, THEREFORE, ORDERED that the present action by Plaintiff ST.MINA AUTO SALES against Defendant NAJWA AL-MUASHER d/b/a AMERICAN AUTO SALES d/b/a AMERICAN AUTO SALES 1.1 as well as the present action by Counter-Plaintiff NAJWA AL-MUASHER d/b/a AMERICAN AUTO SALES d/b/a AMERICAN AUTO SALES 1.1against Counter-Defendant ST. MINA AUTO SALES and CINCO CAR CARE, INC. is hereby **DISMISSED with prejudice**, with costs to be taxed against the party incurring same.

DATED this _____ day of _____, 2014.


                                        _____

                                          JUDGE PRESIDING