Kendra **KARLOCK, James C. Baker, Pulley, Roberts, Cunningham & Stripling, L.L.P., and Dianne R. Klepin, Relators,**

v.

**Honorable Michael D. SCHATTMAN, Judge, 348th District Court, Tarrant County, Texas, Respondent.**

No. 2–94–194–CV.

Court of Appeals of Texas, Fort Worth.

March 3, 1995.

H.N. Cunningham, III, Kendra Karlock, James C. Baker, Pulley, Roberts, Cunningham & Stripling, L.L.P., Dallas, for appellant.

David Fielding, Tim G. Sralla, Fielding, Barrett & Taylor, L.L.P., Fort Worth, for appellee.

Before LATTIMORE and DAY, JJ.

## OPINION

DAY, Justice.

In this mandamus proceeding, relators Kendra Karlock, James C. Baker, Pulley, Roberts, Cunningham & Stripling, L.L.P., and Diane Klepin allege that respondent, Judge Michael D. Schattman, abused his discretion in finding violations of rule 13 of the Texas Rules of Civil Procedure and entering sanctions against them. Although we find respondent abused his discretion, relators have an adequate remedy by appeal and therefore mandamus relief would be inappropriate. Accordingly, relators' petition for writ of mandamus is denied.

### The Underlying Suit

The underlying suit was brought by Rehab One against Klepin, Rehab One's former general manager of its First Therapy division, to enjoin her from using confidential company documents, and for breach of fiduciary duty, defamation, and breach of contract. The trial court refused to grant a temporary injunction. Klepin filed a counterclaim, alleging wrongful discharge, failure to pay wages, and infliction of emotional distress.

Rehab One's pleadings and Klepin's pleadings and affidavits that have been brought before us reveal the following: Rehab One is a company that provides contract physicians and, through its First Therapy division, provides physical therapists. Because of a shortage of physical therapists in the U.S., Rehab One recruited a number of Polish physical therapists, providing them with English lessons and training them to pass the required exams to practice in the U.S.

Klepin was originally hired by Rehab One to recruit physicians, but eventually she was made general manager of its First Therapy physical therapist operation in Fort Worth. In that position she was in charge of the Polish physical therapists, who constituted Rehab One's entire physical therapist work force. Klepin became familiar with the terms of the Polish physical therapists' employment agreements with Rehab One and with their numerous complaints about their working conditions. Concerned about the legality of the company's treatment of the Polish physical therapists, Klepin began investigating their situation, which included calling the ACLU and copying relevant company documents.

When Rehab One learned of Klepin's activities, it fired her and filed this suit. In her wrongful discharge counterclaim, Klepin alleges that she was fired because she either refused to perform illegal acts or inquired into the legality of certain acts she was required to perform.

On July 6, 1993, Klepin filed a motion for partial summary judgment on her wrongful discharge counterclaim. In her motion, Klepin set forth allegedly undisputed material facts and requested a partial summary judgment on the following issue of law: "Whether First Therapy's policies and/or employment agreements relating to the physical therapists are illegal as a matter of law." Klepin apparently did not file a supporting brief.

According to Rehab One, it filed a response to Klepin's motion for partial summary judgment on July 23, 1993, and Klepin then canceled the hearing on her motion for

partial summary judgment, which had been scheduled for July 30, 1993. Apparently, the summary judgment hearing was never rescheduled, and the trial court never ruled on the merits of Klepin's motion for partial summary judgment.[1]

On October 26, 1993, Rehab One filed its own motion for summary judgment, and on December 7, 1993, Klepin filed her response to Rehab One's motion for summary judgment. Part of her response was the affidavit of relator Baker, one of Klepin's attorneys. According to Klepin, the trial court denied Rehab One's motion for summary judgment.

On May 9, 1994, Rehab One filed a motion for sanctions in which it sought rule 13 sanctions against Klepin and her attorneys for the filing of Klepin's counterclaim, her motion for partial summary judgment, and her response to Rehab One's motion for summary judgment (particularly the Baker affidavit), alleging that these pleadings were made in bad faith and were groundless. Rehab One additionally alleged that Baker's affidavit and the affidavit of relator Karlock, which was filed in support of Klepin's motion for partial summary judgment, were filed in violation of rule 166a(h) of the Texas Rules of Civil Procedure.[2]

Klepin filed a response and a supplemental response to Rehab One's motion for sanctions. In these pleadings, Klepin briefed the legal issue set forth in her motion for partial summary judgment and proffered additional

evidence to controvert Rehab One's motion for sanctions.[3]

### The Offending Pleadings

Klepin's motion for partial summary judgment pertained only to her wrongful discharge cause of action. In it she asked the trial court to determine as a matter of law that the job duties she was asked to perform or that she inquired about were illegal, an element of her wrongful discharge cause of action. As set forth in Klepin's counterclaim, the policies and practices of Rehab One that Klepin was concerned about were: (1) fraudulently inducing the Poles to come to the U.S.; (2) withholding the Poles' immigration documentation from them; (3) failing to pay the Poles minimum wage; (4) allowing or encouraging the Poles to cheat on their state exams; (5) making improper payroll deductions without consent; and (6) preventing the Poles from obtaining employment elsewhere in the U.S. Klepin alleged in her motion that Rehab One's policies and practices violated criminal statutes against peonage or involuntary servitude (18 U.S.C. §§ 1581, 1584), civil rights statutes involving peonage (42 U.S.C. § 1994), the Thirteenth Amendment (abolishing slavery), and public policy.

Klepin attached to her motion for partial summary judgment the following summary judgment evidence:

1. Klepin's three-page affidavit and the following attached exhibits: (1) a purported

---

1. Klepin's expressed reason for not seeking a hearing on her motion for partial summary judgment was that the Department of Labor was conducting an investigation of Rehab One's employment practices with respect to the Polish physical therapists, and Klepin was waiting for the outcome of that investigation. See n. 3 *infra.*

2. Rule 166a(h) provides:

   **(h) Affidavits Made in Bad Faith.** Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt. Tex.R.Civ.P. 166a(h).

3. The additional evidence was: (1) another Klepin affidavit, this one detailing threats allegedly made by Scott Hillstrom, the managing director of Rehab One, to physical therapists; (2) an affidavit, apparently of a labor lawyer for the Polish physical therapists, that attached a letter from the United States Department of Labor detailing labor law violations by Rehab One, a civil penalty against Rehab One of $85,500.00, and an order to pay back wages; (3) an affidavit of a former Rehab One employee who apparently was Klepin's predecessor; (4) a Rehab One internal memorandum; (5) excerpts from the purported English translation of the Polish physical therapists' employment agreement with Rehab One; and (6) a transcript of an unemployment benefits hearing involving another former Rehab One employee who resigned because her job allegedly required her to perform inappropriate and unethical conduct and because some of Rehab One's policies allegedly were illegal.

English translation of the Polish physical therapists' employment agreement with Rehab One; (2) Rehab One company documents that allegedly set forth the policies and practices that Klepin alleged were illegal; and (3) written complaints made by the Polish physical therapists.

2. The affidavit of relator Karlock, one of Klepin's attorneys, and the following attached exhibits: (1) excerpts of testimony from Rehab One's temporary injunction hearing; and (2) a newspaper article about the Polish physical therapists and Rehab One.

Klepin attached to her response to Rehab One's motion for summary judgment the Baker affidavit, which had attached as exhibits five newspaper articles about the Polish physical therapists and Rehab One.

### The Sanctions Order

A hearing on the motion for sanctions was held on June 2, 1994. On August 9, 1994, the trial court entered an order granting in part the motion for sanctions against Klepin and her attorneys. The trial court first ruled that the filing of Klepin's counterclaim was not a rule 13 violation. It then addressed Klepin's motion for partial summary judgment and the Baker affidavit.

The trial court found that Klepin's motion for partial summary judgment and the Baker affidavit violated rule 13 and entered the following sanctions: (1) striking Klepin's motion for partial summary judgment; (2) striking Baker's affidavit; and (3) assessing a monetary sanction of $6,000 against relators.

Relators then filed this mandamus proceeding. In it, they allege that the trial court abused its discretion in finding rule 13 violations and entering sanctions in its August 9, 1994 order because:

1. Klepin's motion for partial summary judgment was filed in good faith and was not groundless, given the applicable case law and the supporting summary judgment evidence, which relators contend the trial court "completely ignored"; and

2. the trial court found violations of rule 13 without hearing evidence and making the required factual determination about the motives and credibility of the attorney signing the allegedly groundless pleadings.

### Standard of Review

■ In deciding whether a writ of mandamus is appropriate, we recognize that mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable to amount to a clear and prejudicial error of law. *Walker*, 827 S.W.2d at 839; *Johnson*, 700 S.W.2d at 917.

■ With respect to the resolution of factual issues or matters committed to the trial court's discretion, the appellate court may not substitute its judgment for that of the trial court unless the trial court could reasonably have reached only one decision and the trial court's decision is shown to be arbitrary and unreasonable. *Walker*, 827 S.W.2d at 839–40; *Johnson*, 700 S.W.2d at 917–18.

■ With respect to a trial court's determination of the legal principles controlling its ruling, our review is much less deferential because a trial court has no discretion in determining what the law is or in applying the law to the facts. *Walker*, 827 S.W.2d at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in mandamus. *Id.*

Rule 13 provides:

The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. . . . If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing,

shall impose an appropriate sanction available under Rule 215–2b, upon the person who signed it, a represented party, or both.

Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order. "Groundless" for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law.

TEX.R.CIV.P. 13.

■ Rule 13 thus authorizes the imposition of sanctions available under rule 215–2(b) against an attorney, a represented party, or both, who filed a pleading that is both (1) groundless and brought in bad faith, or (2) groundless and brought to harass. *New York Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 856 S.W.2d 194, 205 (Tex.App.—Dallas 1993, no writ). The trial court must find that the pleadings are in fact groundless and brought in bad faith or to harass. *Home Owners Funding Corp. v. Scheppler*, 815 S.W.2d 884, 887 (Tex.App.— Corpus Christi 1991, no writ). The purpose of the rule is to check abuses in the pleading process. *Id.* at 889.

■ The trial court's imposition of rule 13 sanctions will be set aside only upon a showing of a clear abuse of discretion. *GTE Communications Sys. Corp. v. Tanner*, 856 S.W.2d 725, 730 (Tex.1993); *Stites v. Gillum*, 872 S.W.2d 786, 788 (Tex.App.—Fort Worth 1994, writ denied); *New York Underwriters*, 856 S.W.2d at 205; *Scheppler*, 815 S.W.2d at 889. A trial court's ruling on rule 13 sanctions should be overturned only when it is based on an erroneous view of the law or a clearly erroneous assessment of the evidence. *Stites*, 872 S.W.2d at 788; *Scheppler*, 815 S.W.2d at 889.

### Abuse of Discretion

■ We first address whether the trial court abused its discretion in finding that Klepin's motion for partial summary judgment was groundless under rule 13.[4] While the filing of a motion for summary judgment may give rise to sanctions under rule 13, *Tanner*, 856 S.W.2d at 731, this is not such a case.

In her wrongful discharge cause of action, Klepin claims that she was fired because she either refused to perform illegal acts or inquired into the legality of certain acts she was required to perform. She moved for partial summary judgment on one element of her cause of action: "Whether First Therapy's policies and/or employment agreements relating to the physical therapists are illegal as a matter of law." In her affidavit that was attached to her motion, Klepin stated: "My job duties at First Therapy included: enforcing the Employment Agreement entered into between the physical therapists and First Therapy; and enforcing First Therapy's policies relating to the physical therapists." Attached to Klepin's affidavit as additional summary judgment was the purported employment agreement along with company documents of Rehab One that allegedly set forth the policies of Rehab One that are at issue regarding the physical therapists.

■ Regarding Klepin's motion for partial summary judgment, the trial court stated in its sanctions order:

An examination of Klepin's motion, without reference to any response by Rehab One, leads to the inescapable conclusion that the motion is groundless. It is devoid of merit and has no basis in law or fact. It is one thing to allege that a party has engaged in tortious or unlawful conduct with the implicit promise that "I will attempt to prove this on the merits at trial." It is quite another to seek a summary trial on all or part of the case with a pleading that under the rules must be supported by competent summary judgment evidence

---

4. In conducting our review of the trial court's sanctions under the abuse of discretion standard, we express no opinion on the merit or lack of merit of Klepin's motion for partial summary judgment. Our only determination is whether the trial court abused its discretion, not whether the summary judgment motion had merit or not.

*and then to produce none.* Klepin's motion is appended with affidavits, but they prove nothing relevant to her claims. Her attorney, Karlock, did "prove" a Minneapolis newspaper article which discussed Rehab One's difficulties with its Polish employees and the U.S. Department of Labor. But it is hearsay and incompetent to prove the illegality of Rehab One's business. It is particularly incompetent to prove that Rehab One ordered Klepin to perform illegal acts. [Emphasis added.]

As shown by the above excerpt, the trial court wholly failed to address any of Klepin's core summary judgment evidence, made unsupported conclusions,[5] and focused only on the newspaper articles offered by Klepin.[6] The trial court made a clearly erroneous assessment of the evidence.

Furthermore, Klepin primarily relies on two federal cases, *United States v. Kozminski,* 487 U.S. 931, 948, 108 S.Ct. 2751, 2762, 101 L.Ed.2d 788, 808 (1988) ("it is possible that threatening ... an immigrant with deportation could constitute the threat of legal coercion that induces involuntary servitude") and *Kimes v. United States,* 939 F.2d 776 (9th Cir.1991), *cert. denied,* 503 U.S. 936, 112 S.Ct. 1473, 117 L.Ed.2d 617 (1992), as support for her claim that Rehab One's policies were illegal, yet in its order the trial court also failed to address that authority and the legal issue raised in Klepin's motion for partial summary judgment.

Based on Klepin's legal authority and all of Klepin's summary judgment evidence, especially the core evidence the trial court failed to even address in its order, it cannot be said that Klepin's motion for partial summary

judgment had no basis in law or fact. *See Tanner,* 856 S.W.2d at 729. Accordingly, the trial court abused its discretion in determining that Klepin's motion for summary judgment was groundless.

■ We next address whether the trial court abused its discretion in finding that the motion for partial summary judgment was filed in bad faith. The trial court found that the motion was filed in bad faith based on the totality of evidence, namely, the motion itself, the testimony at the hearing, and "all other documents filed on Klepin's behalf in support of her position." The only other document specifically discussed by the trial court, however, was the Baker affidavit.

■ Rule 13 requires the trial court to hold an evidentiary hearing to make the necessary factual determinations about the motives and credibility of the person signing the groundless pleading, and the trial court must examine the facts available to the litigant and the circumstances existing when the litigant filed the pleading. *McCain v. NME Hospitals, Inc.,* 856 S.W.2d 751, 757 (Tex.App.— Dallas 1993, no writ); *New York Underwriters,* 856 S.W.2d at 205; *Scheppler,* 815 S.W.2d at 888–89. Without hearing evidence on the circumstances surrounding the filing of the pleading signer's credibility and motives, a trial court has no evidence to determine that a pleading was filed in bad faith or to harass. *McCain,* 856 S.W.2d at 757–58. In its order, the trial court, while recognizing this authority, erroneously determined that it could make the bad faith finding without the required evidence.

---

5. While in mandamus proceedings the trial court's resolution of factual issues is entitled to deference, *Tanner,* 856 S.W.2d at 729, we give no deference to unsupported conclusions. *Id.* (citing *Chrysler Corp. v. Blackmon,* 841 S.W.2d 844, 853 (Tex.1992)).

6. The only summary judgment evidence that the trial court mentioned in its order was the newspaper article attached to the Karlock affidavit. Regarding that article, the trial court stated that "it is hearsay and incompetent to prove the illegality of Rehab One's business. It is particularly incompetent to prove that Rehab One ordered Klepin to perform illegal acts."

The trial court erroneously assessed the article, which contains statements by Hillstrom, Rehab One's managing director, regarding Rehab One's employment policies toward the physical therapists. Those statements are arguably admissions and thus would not be hearsay. *See* Tex.R.Crim. Evid. 801(e)(2). Furthermore, while the statements in the article may not have been relevant to the illegality of Rehab One's business or to prove that Rehab One ordered Klepin to perform illegal acts (which was not the issue in Klepin's motion), they were arguably relevant to show what Rehab One's policies were toward the physical therapists, which was at issue in Klepin's motion.

An evidentiary hearing was held, but relator Karlock, the attorney who signed the motion for partial summary judgment, did not testify. The only attorney for Klepin who testified was relator Baker, but he testified that he did not participate in the preparation of the motion or have personal knowledge about the factual or legal inquiry made by Karlock. The trial court thus had no evidence to determine that Karlock filed the motion in bad faith and, accordingly, abused its discretion in finding that the motion was filed in bad faith.

Finally, regarding the Baker affidavit, the trial court stated in its order:

> Baker's affidavit "authenticates" five newspaper articles purporting to detail the illegal conduct of Rehab One. The affidavit was filed contemporaneous with Klepin's response to plaintiff's summary judgment, but does not reference that response and is equally applicable to Klepin's own pending motion.... The Baker affidavit newspaper articles are a continuation of an effort to obtain a finding of illegality by Rehab One based on incompetent hearsay and not upon facts produced for examination by this court or upon a judgment by a federal tribunal. This, combined with the testimony at the June 2nd hearing and the lack of any plausible explanation to the contrary supports a finding and conclusion that the position advanced by Klepin's motion for partial summary judgment was not just groundless but was also brought in bad faith....

Relators complain that the trial court made an unsupported conclusion that the Baker affidavit was "equally applicable" to Klepin's motion for partial summary judgment and "a continuation of an effort to obtain a finding of illegality by Rehab One...." We agree with relators. The Baker affidavit was submitted in opposition to Rehab One's motion for summary judgment, which the trial court denied. The trial court abused its discretion in making this unsupported conclusion in its bad faith finding regarding the motion for partial summary judgment.

■ The trial court also abused its discretion in finding that the Baker affidavit was filed in bad faith. Although Baker testified at the sanctions hearing, no testimony was elicited about his affidavit or the attached newspaper articles.[7] The trial court thus had no evidence to determine that the Baker affidavit was filed in bad faith. *McCain,* 856 S.W.2d at 757–58.

### Adequate Remedy by Appeal

■ Having determined that the trial court abused its discretion, we must next determine whether relators have an adequate remedy by appeal. Mandamus will issue only where there is no adequate remedy at law, such as a normal appeal. *Walker,* 827 S.W.2d at 840. An appellate remedy is not inadequate merely because it might involve more expense or delay than obtaining a writ of mandamus. *Walker,* 827 S.W.2d at 842.

■ Rehab One claims that relators have an adequate remedy by appeal because they paid the monetary sanction. Relators acknowledge that the monetary sanction has been paid and that it would not impede Klepin from proceeding with the suit. Accordingly, regarding the monetary sanction, we need not review whether the relators have an adequate remedy by appeal because they admit that they do.

Rehab One also claims that Klepin has an adequate remedy by appeal regarding the striking of her pleadings because Klepin is not precluded from continuing the litigation, stating: "If Klepin has a legitimate basis for summary judgment, she is free to assert it, and to file any legitimate summary judgment evidence she wishes." In response, Klepin stated in her brief: "Relators concede that by Rehab One taking the position just announced, Relators cannot now contest that they have an adequate remedy on appeal. Upon the assumption that Rehab One cannot later change its position on that issue, and in reliance upon the position stated by Rehab One, Relators do not contest Rehab One's assertion that Relators have an adequate remedy by appeal." At oral argument, Kle-

---

**7.** The articles were about either the physical therapists' problems with Rehab One or the Department of Labor's investigation of Rehab One. See n. 6 *supra.*

pin's counsel reiterated this statement. We thus must find that Klepin has an adequate remedy by appeal regarding the striking of her motion for partial summary judgment and the Baker affidavit.[8]

Because relators have a adequate remedy by appeal, their petition for writ of mandamus is denied.

---

8. Relators, citing *State v. Sewell*, 487 S.W.2d 716, 718 (Tex.1972), ask us to apply a "gross abuse of discretion" standard and grant mandamus relief despite there being an adequate remedy by appeal. We find, however, that *Walker*, 827 S.W.2d at 840, and *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305–06 (Tex.1994), provide the correct standard for granting mandamus relief, and if relators have an adequate remedy at law such as by normal appeal, mandamus relief would be inappropriate.