In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00354-CV**
_____

**21ST MORTGAGE CORPORATION, Appellant**

**V.**

**BEVERLY HINES, Appellee**

**On Appeal from the 60th District Court**
**Jefferson County, Texas**
**Trial Cause No. B-194451**

**MEMORANDUM OPINION**

In five issues on appeal, appellant 21st Mortgage Corporation argues that the trial court abused its discretion by awarding sanctions to appellee Beverly Hines.[1] 21st Mortgage argues that the trial court's award of sanctions, which included attorney's fees, is unreasonable, arbitrary, violates due process, and is not supported by sufficient evidence. 21st Mortgage also argues that the trial court

---

[1]In the trial court's record, Beverly Hines is also referred to as Beverly Rose. We shall refer to Beverly Rose as 'Hines'.

lacked jurisdiction to award sanctions because it dismissed its claims against Hines before Hines filed her motion for sanctions. 21st Mortgage maintains that we should vacate the sanctions award in its entirety and enter a take-nothing judgment. We reverse the trial court's order granting sanctions and render judgment that Hines take nothing from 21st Mortgage.

## Background

In June 2013, 21st Mortgage filed suit against Wayne Rose, Robert Rose, and Beverly Rose (Hines). In its petition, 21st Mortgage alleged that Wayne Rose defaulted in paying a note for a manufactured home in which 21st Mortgage held a security interest. As a result of Wayne's default, 21st Mortgage alleged that Wayne was contractually obligated to peacefully turn over the home but had refused to do so. 21st Mortgage alleged that while Robert and Hines were not obligors under the retail installment contract, they were in wrongful possession of the home. Attached to 21st Mortgage's petition is the affidavit of Phil Price, its custodian of records. In his affidavit, Price states that Wayne has defaulted in paying the contract and that "[u]pon information and belief, Defendants Robert Rose and [Hines] are in wrongful possession of the home and refuse to surrender possession."

Hines answered, asserting a general denial and claiming that there was no such person as Beverly Rose, but that Beverly Hines is a person who has lived in

2

the home as a guest. Hines maintained that she had no documented right of entry, possession, ownership, or occupation of the premises and had never claimed any rights to the home. Hines also claimed that Robert had never lived in the home and had never claimed any interest in the home. Hines specifically denied Price's affidavit and 21st Mortgage's claim that she was in wrongful possession of the home and had refused to surrender possession.

In June 2014, Hines filed a motion for summary judgment. 21st Mortgage responded to Hines's motion for summary judgment and attached the affidavit of Chris Caldwell, an attorney who worked in its legal department. In his affidavit, Caldwell stated that upon default, Wayne was obligated to surrender the home but failed to do so. Caldwell further stated that Wayne admitted that he had allowed Hines to acquire possession of the home, and Hines failed to surrender possession prior to litigation. Before the trial court conducted a hearing on Hines's motion for summary judgment, 21st Mortgage filed a notice of non-suit of its claims against Hines and Robert, and in August 2014, the trial court signed an order dismissing 21st Mortgage's claims against Hines and Robert. In September 2014, Hines filed a motion for sanctions against 21st Mortgage for filing a groundless lawsuit against her in bad faith and for the purpose of harassment. Hines contends that due to 21st Mortgage filing a wrongful suit against her, she incurred substantial attorney's

3

fees, expenses, and other damages. Hines requested that the trial court order "sanctions, damages, and compensation[,]" including attorney's fees, expenses, general damages, penalties, and an order of contempt.

The trial court heard arguments on Hines's motion for sanctions in March and April 2015. During the hearing, the trial court took judicial notice of the court's file. Hines testified at the hearing that her brother, Wayne, had allowed her to stay in the home temporarily to care for their mother, and that she had never claimed to own the home. According to Hines, when her mother was alive, she and her mother helped Wayne pay the note and utilities. Hines testified that Rachel Hilgert, a representative of 21st Mortgage, came to the home in April 2013. When Hilgert came, Hines was partially packed and trying to move out because Wayne had told her he was not going to keep the home. Hines thought Hilgert was just checking the condition of the home and Hines claimed that she did not know Wayne was in default. Hines testified that her encounter with Hilgert was the only contact she had with 21st Mortgage. Hines stated that Hilgert was not "ugly" or harassing. Hines did not move out until November 2013. The mobile home was surrendered in January 2014.

Hines's attorney offered testimony concerning the attorney's fees and expenses that Hines had incurred due to 21st Mortgage's lawsuit against her, and

he also testified about the cost of defending Hines on appeal. No representatives from 21st Mortgage testified during the sanctions hearing.

In August 2015, the trial court entered an order granting Hines's motion for sanctions and ordered that Hines recover attorney's fees and expenses in the amount of $92,616.04, plus post-judgment interest and attorney's fees and expenses for post-judgment proceedings, from 21st Mortgage, its attorney, and the Brady Law Firm, PLLC. Brady requested that the trial court remove him and his firm from the sanctions order, arguing that the motion for sanctions was only directed against 21st Mortgage. Hines opposed Brady's request. The trial court entered an amended order, ordering sanctions only against 21st Mortgage. The trial court's amended order contains eighty-four findings of fact and eighty-six conclusions of law. 21st Mortgage appeals the trial court's amended order awarding sanctions.

## Analysis

In issue one, 21st Mortgage argues that the trial court abused its discretion in awarding sanctions to Hines, because there is no evidence to support the trial court's findings or conclusions in its amended order awarding sanctions. In issue two, 21st Mortgage argues that we should vacate the trial court's sanctions award, because there is no evidence of any misconduct by 21st Mortgage that would

5

justify sanctions under any of the legal theories utilized by Hines. According to 21st Mortgage, Hines failed to demonstrate that 21st Mortgage's lawsuit was legally groundless and that 21st Mortgage had sued Hines in bad faith or for the purpose of causing her annoyance, harm, or anguish. Hines maintains that the evidence is sufficient to support the trial court's findings of sanctionable conduct by 21st Mortgage and to support the type and amount of sanctions imposed.

"We review a trial court's imposition of sanctions for an abuse of discretion." *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles or whether, under the circumstances, the trial court's action was arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). To determine if sanctions are appropriate, the appellate court must ensure there is a direct nexus between the improper conduct and the sanction imposed. *Id.* The sanction must not be excessive. *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991).

Although the trial court did not specify any single legal basis for its sanctions order, in its findings of fact and conclusions of law, the trial court found that sanctions were authorized against 21st Mortgage under each and all of the following: Rule 13 of the Texas Rules of Civil Procedure; Chapter 10 of the Texas

Civil Practice and Remedies Code; the inherent power of the Court; Chapter 21 of the Texas Government Code; and the contempt power of the Court. Findings of fact in a case tried to the court have the same force and dignity as a jury's verdict. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence by the same standards applied in reviewing the legal and factual sufficiency of the evidence supporting a jury's answer to a jury question. *Id.*

When the appellate record contains a reporter's record, the trial court's findings are binding only if supported by the evidence. *Aldine Indep. Sch. Dist. v. Ogg*, 122 S.W.3d 257, 265 (Tex. App.—Houston [1st Dist.] 2003, no pet.). "In reviewing a 'no evidence' point of error, a reviewing court may consider only the evidence and inferences that tend to support challenged findings and will disregard all evidence and inferences to the contrary." *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). If there is more than a scintilla of evidence to support the trial court's findings, a no evidence challenge cannot be sustained. *Id.* We review the trial court's conclusions of law *de novo* as a question of law. *Heritage Res., Inc. v. Hill*, 104 S.W.3d 612, 621 (Tex. App.—El Paso 2003, no pet.). We begin by analyzing whether the evidence supports the trial court's imposition of sanctions

against 21st Mortgage under any of the legal bases specified in its findings of fact and conclusions of law.

First, we consider whether sanctions were proper pursuant to Rule 13 of the Texas Rules of Civil Procedure. Imposing Rule 13 sanctions is within the trial court's discretion. *Monroe v. Grider*, 884 S.W.2d 811, 816 (Tex. App.—Dallas 1994, writ. denied). Rule 13 states that trial courts "shall presume that pleadings, motions, and other papers are filed in good faith." Tex. R. Civ. P. 13; *see G.T.E. Commc'ns Sys. v. Tanner*, 856 S.W.2d 725, 731 (Tex. 1993) (orig. proceeding). Rule 13 authorizes a trial court to impose sanctions against an attorney, a represented party, or both, who files a pleading or motion that is groundless and either brought in bad faith, or brought for the purpose of harassment. Tex. R. Civ. P. 13. Under Rule 13, when a trial court imposes sanctions, it must state the "particulars" of good cause for the sanctions in its order. *Id.* The party seeking sanctions bears the burden of overcoming the good faith presumption under Rule 13 and must (1) demonstrate that the opposing party's filings are groundless, and (2) show that the pleadings were filed either in bad faith or for the purpose of harassment. *Tanner*, 856 S.W.2d at 730-31; *R.M. Dudley Constr. Co. v. Dawson*, 258 S.W.3d 694, 707 (Tex. App.—Waco 2008, pet. denied).

When determining whether Rule 13 sanctions are proper, the trial court must examine the facts available to the litigant and the circumstances existing when the litigant filed the pleading. *Harrison v. Harrison*, 363 S.W.3d 859, 863-64 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Rule 13 requires that the trial court base sanctions on the acts or omissions of the represented party or counsel, and not on the legal merit of a pleading or motion. *Elkins v. Stotts-Brown*, 103 S.W.3d 664, 668 (Tex. App.—Dallas 2003, no pet.). An act or omission is done in bad faith when discovery puts the party on notice that his understanding of the facts may be incorrect, and he fails to make reasonable inquiry into the facts before filing the pleading. *Id.* at 668-69. "Improper motive is an essential element of bad faith." *Id.* at 669. Bad faith means the "conscious doing of a wrong for dishonest, discriminatory, or malicious purpose." *Id.*

Rule 13 requires that the trial court hold an evidentiary hearing to make the necessary factual determinations about the motives and credibility of the person signing the groundless pleading. *Karlock v. Schattman*, 894 S.W.2d 517, 523 (Tex. App.—Fort Worth 1995, no writ). Without hearing evidence on the circumstances surrounding the filing and of the pleading signer's credibility and motives, a trial court has no evidence to determine that a pleading was filed in bad faith or to harass. *Id.* (holding that the trial court abused its discretion by finding bad faith

9

without the required evidence). The only testimony presented at the sanctions hearing was the testimony of Hines and Hines's attorney, who testified concerning the costs and attorney's fees incurred by Hines in defending against 21st Mortgage's allegedly groundless conversion claim. Hines testified that prior to 21st Mortgage filing a claim against her, the only contact she had with 21st Mortgage was in April 2013, when Hilgert came to the home and asked Hines to have Wayne contact 21st Mortgage. Hines testified that Hilgert was not mean to her and did not harass her in any way. Brady, the attorney who signed 21st Mortgage's petition, did not testify at the sanctions hearing, nor did any other representative of 21st Mortgage.

Even if we were to assume that 21st Mortgage's claim for conversion against Hines was groundless, no evidence was presented on 21st Mortgage's motive or credibility in June 2013, when it filed the allegedly groundless claim. Nor was there any evidence showing that 21st Mortgage, as opposed to its attorney, made the decision to pursue the conversion claim. The trial court had no evidence before it to find that 21st Mortgage had filed its claim in bad faith or to harass Hines. *See Karlock*, 894 S.W.2d at 523. Additionally, although the trial court took judicial notice of the case file, nothing in the file proved that 21st Mortgage filed the petition or any other pleadings or motions in bad faith or for the

10

purpose of harassment. *See Dawson*, 258 S.W.3d at 710. Because no evidence exists establishing that any pleadings or motions filed by 21st Mortgage were filed in bad faith or for the purpose of harassment, the trial court abused its discretion to the extent it awarded sanctions pursuant to Rule 13. *See Elkins*, 103 S.W.3d at 668-69.

Next, we consider whether chapter 10 of the Texas Civil Practice and Remedies Code supports sanctions against 21st Mortgage. We review sanctions under chapter 10 for an abuse of discretion. *See Low*, 221 S.W.3d at 614. Section 10.001 provides that the signing of a pleading or motion constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry:

> (1) the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)    each denial in the pleading or motion of a factual contention is warranted on the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

Tex. Civ. Prac. & Rem. Code Ann. § 10.001 (West 2002).

Because each allegation and factual contention in a pleading must have evidentiary support, or be likely to have evidentiary support after a reasonable opportunity for further investigation, the trial court must examine the facts and evidence available to the party at the time the pleading or motion was filed. *See Low*, 221 S.W.3d at 615; *Dawson*, 258 S.W.3d at 711. If the trial court determines that a person has signed a pleading or motion in violation of section 10.001, the trial court may impose a sanction on the person, a party represented by the person, or both. Tex. Civ. Prac. & Rem. Code Ann. § 10.004(a) (West 2002). However, a represented party should not be punished for its attorney's conduct unless the party is implicated apart from having entrusted its legal representation. *Loeffler v. Lytle Indep. Sch. Dist.*, 211 S.W.3d 331, 349 (Tex. App.—San Antonio 2006, pet. denied). Chapter 10 states that one of the aims of imposing sanctions for the filing of frivolous or groundless pleadings is to "deter repetition of the conduct or comparable conduct by others similarly situated." Tex. Civ. Prac. & Rem. Code Ann. § 10.004(b) (West 2002). When imposing sanctions under chapter 10, the

12

trial court must describe the conduct it has determined violated section 10.001 and explain the basis for the sanction imposed. *Id.* § 10.005 (West 2002).

Hines sought sanctions based on her belief that 21st Mortgage knowingly filed factually and legally groundless pleadings containing false allegations. Specifically, Hines argued that 21st Mortgage's claim for conversion and its motion to compel arbitration were groundless. In its amended sanctions order, the trial court found that 21st Mortgage (1) produced no evidence, information, (2) failed to conduct a reasonable inquiry into its allegations against Hines, (3) pursued its motion to compel for an improper purpose, (4) failed to produce any evidence to support the factual and legal statements in affidavits submitted by employees of 21st Mortgage, and (5) failed to state a legal basis for any claim for attorney's fees against Hines. The trial court concluded that two of 21st Mortgage's employees submitted false affidavits and that 21st Mortgage's conversion lawsuit and motion to compel were groundless. The trial court specifically concluded that "Chapter 10 of the Texas Civil Practice and Remedies Code was violated by Phil Price signing his affidavit in support of Plaintiff's Original Petition and by Chris Caldwell signing his affidavit in Plaintiff's Response to Defendant Beverly Hines' Motion for Summary Judgment."

13

Hines had the burden of proving violations of one of the four subsections of section 10.001. *See Dawson*, 258 S.W.3d at 709; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 10.001. Because the trial did not identify which subsection of section 10.001 it determined that 21st Mortgage had violated, we will consider each subsection. However, we first note that Chapter 10 is limited to the signing of frivolous pleadings and motions, and the affidavits submitted by 21st Mortgage's employees are not pleadings or motions. *See Low*, 221 S.W.3d at 614-15; *Dawson,* 258 S.W.3d at 709. Therefore, to the extent that the trial court found that 21st Mortgage violated Chapter 10 of the Civil Practice and Remedies Code because its employees submitted affidavits containing allegedly groundless or false statements, the trial court abused its discretion by not correctly applying the law. *See Dawson,* 258 S.W.3d at 709.

As with sanctions under Rule 13, to impose a sanction under section 10.001(1), the trial court must hold an evidentiary hearing to make the necessary factual determinations about the motives and credibility of the represented party or the attorney. *Gomer v. Davis*, 419 S.W.3d 470, 480 (Tex. App.—Houston [1st Dist.] 2013, no pet.). In our Rule 13 analysis above, we concluded that Hines presented no evidence at the evidentiary hearing establishing that 21st Mortgage had filed any pleading or motion in bad faith or for the purpose of harassment.

14

Likewise, we conclude that insufficient evidence supports a finding that 21st Mortgage violated section 10.001(1), because there was no evidence that 21st Mortgage presented any pleading or motion for any improper purpose. *See* Tex. Civ. Prac. & Rem. Code Ann. § 10.001(1).

Section 10.001(2) provides that a signatory to a pleading certifies that each claim, defense, or other legal contention in a pleading or motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. *Id.* § 10.001(2). The trial court's amended order only imposed sanctions against 21st Mortgage, a represented party. Section 10.004(d) provides that the trial court "may not award monetary sanctions against a represented party for a violation of Section 10.001(2)." *Id.* § 10.004(d) (West 2002). Because 21st Mortgage was represented by counsel, the trial court could not have properly assessed a monetary sanction against 21st Mortgage for groundless legal contentions under section 10.001(2). *See id.*; *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 369 (Tex. 2014).

Section 10.001(3) provides that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry, each allegation or other factual contention in the pleading or motion has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation or

15

discovery. Tex. Civ. Prac. & Rem. Code Ann. § 10.001(3). Under Chapter 10, Hines was only required to show that the signatory certified that he made a reasonable inquiry into each allegation when he did not, and that he certified that each allegation had evidentiary support, or would likely have evidentiary support, when some allegations did not. *See Low*, 221 S.W.3d at 617. The trial court must examine the facts and evidence available to the party and the circumstances that existed when the party filed the pleading to determine whether a party conducted a reasonable inquiry. *Dawson*, 258 S.W.3d at 711. "Sanctions for frivolous or groundless pleadings do not apply to the pursuit of an action later determined to be groundless after pleadings were filed." *Id.*

In its original petition filed in June 2013, 21st Mortgage alleged a claim of conversion against Hines, claiming that Hines was in "wrongful possession" of the home. 21st Mortgage's petition was signed by its attorney, Brady. Attached to 21st Mortgage's petition was the affidavit of Price, its custodian of records. Price executed the affidavit on April 29, 2013, and stated that upon information and belief, Hines was in wrongful possession of the home and refused to surrender possession.

The trial court found that 21st Mortgage presented no evidence that (1) Hines converted the manufactured home; (2) Hines intended to assert a right or

16

claim in the manufactured home; (3) Price had a justified belief that Hines was in wrongful possession of the home; (4) 21st Mortgage had communicated to Hines any request or demand to leave, vacate, or surrender the home; and (5) Price had a justified belief that Hines had refused to surrender possession. The trial court further found that nothing in Hilgert's Collections History Field Note gives the impression that Hines was in possession of the home or that 21st Mortgage demanded that Hines leave the home. The trial court concluded that Chapter 10 was violated by Price signing his affidavit in support of the petition, by 21st Mortgage failing to conduct a reasonable inquiry into its allegation against Hines before filing suit, and by 21st Mortgage filing a groundless suit against Hines despite having information in its records showing that Hines was innocent of conversion. The trial court concluded that the only information available to 21st Mortgage prior to filing suit came from its own investigation and from Hilgert's field note, which indicates that Hines intended to leave and that 21st Mortgage never requested that Hines leave before filing suit against her. The trial court further concluded that Price's affidavit in support of 21st Mortgage's petition contained groundless statements that were not supported by 21st Mortgage's own investigation concerning Hines.

At the sanctions hearing, Hines had the burden of proving that 21st Mortgage violated section 10.001(3) by signing a frivolous pleading or motion. *See* Tex. Civ. Prac. & Rem. Code Ann. § 10.001; *Low*, 221 S.W.3d at 614. To the extent that the trial court found that 21st Mortgage violated section 10.001(3) by Price signing an affidavit in support of the petition, the trial court abused its discretion because Price's affidavit is not a pleading or motion. *See Dawson*, 258 S.W.3d at 709; *cf. Metzger v. Sebek*, 892 S.W.2d 20, 52-53 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (trial court assessed sanctions against a represented party who submitted a supporting affidavit and subsequently admitted that he lacked personal knowledge of the facts in the affidavit). To determine whether 21st Mortgage conducted a reasonable inquiry, the trial court must have evidence concerning the facts and evidence available to 21st Mortgage at the time Brady filed the petition. *See Dawson*, 258 S.W.3d at 711. Evidence must be admitted under the rules of evidence at the sanctions hearing for the trial court to consider it in a sanctions context. *Id.* at 710. The motions and arguments of counsel are not evidence. *McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 757 (Tex. App.—Dallas 1993, no writ.).

The evidence that Hines presented at the sanctions hearing does not support sanctions under 10.001(3). Hines failed to present evidence concerning the facts

18

and evidence available to 21st Mortgage and the circumstances that existed when Brady filed the petition in June 2013. Neither Brady nor any representative of 21st Mortgage testified at the sanctions hearing, and without such testimony, the trial court could not have determined that Brady certified that he made a reasonable inquiry into each allegation when he did not and that he certified that each allegation had evidentiary support, or would likely have evidentiary support, when some allegations did not. *See Low*, 221 S.W.3d at 617. The trial court's findings rely on Hilgert's field note and Price's affidavit, both of which are dated April 2013, in determining that 21st Mortgage failed to conduct a reasonable inquiry prior to filing suit and that 21st Mortgage filed a groundless suit. However, the record is silent concerning any facts and evidence available when Brady filed 21st Mortgage's original petition in June 2013. Additionally, the fact that a claim may prove to be unsuccessful does not mean a party should be sanctioned. *See Davis*, 419 S.W.3d at 481; *Dawson*, 258 S.W.3d at 711.

The trial court also concluded that 21st Mortgage violated chapter 10 when Caldwell signed his affidavit in support of Plaintiff's Response to Defendant's Motion for Summary Judgment. The trial court found that Caldwell's sworn statement that Hines had possession of the home prior to the initiation of litigation and that she refused to surrender possession was false and that 21st Mortgage

19

failed to produce evidence supporting Caldwell's statements. The trial court further found that Hilgert's field note does not provide any support for Caldwell's allegations.

Caldwell executed the affidavit in August 2014, and Brady filed 21st Mortgage's Response to Hines's Motion for Summary Judgment that same month. As discussed above, Caldwell's affidavit is not a pleading or a motion, and to the extent that the trial court found that 21st Mortgage violated section 10.001(3) by Caldwell signing an affidavit in support of 21st Mortgage's Response to Hines's Motion for Summary Judgment, the trial court abused its discretion. *See Dawson*, 258 S.W.3d at 709. Additionally, Hines failed to present evidence concerning the facts and evidence available to 21st Mortgage and the circumstances that existed when Brady filed the Response in August 2014. Without such evidence, the trial court could not have determined that Brady's certification that he made a reasonable inquiry into each allegation and that each allegation either had evidentiary support, or would likely have evidentiary support, was false. *See Low*, 221 S.W.3d at 617. We conclude that because insufficient evidence supports the trial court's findings that 21st Mortgage violated section 10.001(3), the trial court abused its discretion to the extent it awarded sanctions under that section.

20

Section 10.001(4) refers to denials of a factual contention made in a pleading or motion. *See* Tex. Civ. Prac. & Rem. Code Ann. § 10.001(4). In its findings, the trial court found that in Hines's Request for Admissions, 21st Mortgage denied that its allegations against Hines were not warranted by existing law, that it did not conduct a reasonable inquiry into its allegations against Hines, and that Hines was an improper party to the suit. The trial court further found that when 21st Mortgage denied the admissions at issue, it had no factual information or legitimate legal argument contrary to the statements that it had denied. However, the trial court did not conclude that 21st Mortgage violated Chapter 10 by denying any request for admissions. During the sanctions hearing, the only evidence Hines introduced concerning 21st Mortgage's denial of a factual contention was 21st Mortgage's responses to the request for admissions. Based on our review of the record, the evidence is insufficient to support a finding that 21st Mortgage violated section 10.001(4). Therefore, we conclude that the trial court abused its discretion to the extent it imposed sanctions under section 10.001(4).

Next, we consider whether the sanctions award is sustainable based on the trial court's inherent power. "A trial court has inherent power to sanction bad faith conduct during the course of litigation that interferes with administration of justice or the preservation of the court's dignity and integrity." *Onwuteaka v. Gill*, 908

21

S.W.2d 276, 280 (Tex. App.—Houston [1st Dist.] 1995, no writ) (citing *Metzger*, 892 S.W.2d at 51). The trial court should use its inherent power to sanction sparingly and only to the extent necessary to deter, alleviate, and counteract bad faith abuse of the judicial process. *See id.* Thus, the best practice is for the trial court to rely upon the rules and statutes expressly authorizing sanctions whenever possible. *Id.* While a trial court may exercise its inherent power to sanction conduct that may not be covered by any specific rule or statute, there must be some evidence and factual findings that the conduct complained of significantly interfered with one of the trial court's core functions. *Island Entm't, Inc. v. Castaneda*, 882 S.W.2d 2, 5 (Tex. App.—Houston [1st Dist.] 1994, writ denied).

Our review of the record shows no evidence that 21st Mortgage's conduct significantly interfered with the trial court's core functions or impugned the trial court's dignity or integrity. *See Onwuteaka*, 908 S.W.2d at 280. Nor did Hines present any evidence showing a bad faith abuse of the judicial process. *See id.* We note that several courts have held that a trial court abuses its discretion by exercising its inherent power to assess sanctions in the absence of evidence of bad faith conduct. *See Phillips & Akers, P.C. v. Cornwell*, 927 S.W.2d 276, 280 (Tex. App.—Houston [1st Dist.] 1996, no writ); *Onwuteaka*, 908 S.W.2d at 280-81; *Castaneda*, 882 S.W.2d at 5. Based on this record, we conclude that to the extent

the trial court awarded sanctions based on its inherent power, it abused its discretion.

Next, we consider whether the sanctions award is sustainable based on the trial court's contempt power, which is an "'essential element of judicial independence and authority.'" *Metzger*, 892 S.W.2d at 54 (quoting *Ex parte Pryor*, 800 S.W.2d 511, 512 (Tex. 1990)). For the trial court's inherent power to punish for contempt to apply, there must be some support in the record that the conduct complained of significantly interfered with the court's exercise of its core functions. *See Kutch v. Del Mar College*, 831 S.W.2d 506, 510 (Tex. App.— Corpus Christi 1992, no writ). Having already concluded that there is no evidence in the record that 21st Mortgage's conduct significantly interfered with the trial court's core functions, we find the trial court abused its discretion to the extent it awarded sanctions based on its inherent power to punish for contempt.

The inherent power to punish for contempt has been codified in the Texas Government Code. *See* Tex. Gov't Code Ann. §§ 21.001, 21.002 (West 2004). A district court possesses all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including the power to punish for contempt. *Id.* §§ 21.001(a), 21.002(a). Upon a finding of contempt, a district court may impose a fine of not more than $500, confinement in the county jail for up to six

23

months, or both. *Id.* § 21.002(b). While section 21.001 provides the trial court with broad power, for a court to punish for contempt, an act must impede, embarrass, or obstruct the court in the discharge of its duties. *In re Reece*, 341 S.W.3d 360, 366 (Tex. 2011) (orig. proceeding).

In Hines's motion for sanctions, she requested that the trial court issue an order declaring 21st Mortgage's filing of the conversion action against her to be in contempt of court. In its sanctions order, the trial court invoked the court's contempt power, both inherent and statutory, in support of the findings of sanctionable conduct. As discussed above, the trial court found that 21st Mortgage had denied requests for admissions when it had no factual information or legitimate legal argument contrary to the statements that it denied. The trial court also found that instead of responding to discovery, 21st Mortgage filed a Motion for Protective Order claiming that each and every interrogatory was "overly broad, vague, ambiguous, seeks irrelevant information, seeks information protected by the attorney-client and work product privileges, calls for speculation and conjecture, and not the proper subject for an interrogatory." The trial court further found that 21st Mortgage judicially admitted that if its objection were treated as a discovery response, the exclusion of the information requested by Hines would amount to a death penalty sanction and preclude 21st Mortgage from presenting any claim against Hines, and

24

that these admissions showed that 21st Mortgage had abused the discovery process. During the sanctions hearing, Hines's counsel argued that 21st Mortgage's lawsuit was groundless and that the trial court should hold 21st Mortgage in contempt of court. However, there is no evidence in the record before us that the trial court held 21st Mortgage in contempt. Accordingly, the trial court's power to sanction for contempt could not serve as the basis for the sanctions award. *See Owens-Corning Fiberglas Corp. v. Caldwell*, 807 S.W.2d 413, 415-16 (Tex. App.—Houston [1st Dist.] 1991, no writ). We conclude that to the extent the trial court awarded sanctions based on its statutory contempt power, it abused its discretion.

Having concluded that the evidence does not support the trial court's imposition of sanctions against 21st Mortgage under any of the legal bases specified in its findings of fact, we further conclude that the trial court abused its discretion in awarding sanctions. We sustain issues one and two. Because our disposition of 21st Mortgage's no-evidence arguments in issue one requires us to reverse and render judgment in favor of 21st Mortgage, we need not consider issues three and four, in which 21st Mortgage complains about the trial court's award of attorney's fees as sanctions. *Se*e Tex. R. App. P. 47.1; s*ee generally Elkins*, 103 S.W.3d at 669.

25

In issue five, 21st Mortgage argues that the trial court lacked jurisdiction to award sanctions because 21st Mortgage dismissed its claim against Hines prior to Hines filing her motion for sanctions. In a previous petition for mandamus filed by 21st Mortgage, this Court concluded that the trial court had plenary jurisdiction when it signed the order imposing sanctions. *In re 21st Mortgage Corp.*, No. 09-15-00435-CV, 2015 WL 8475645, at *1 (Tex. App.—Beaumont Dec. 10, 2015, orig. proceeding [mand. denied]) (mem. op.). We overrule issue five.

Having concluded that the evidence does not support the trial court's imposition of sanctions against 21st Mortgage under any of the legal bases specified in its findings of fact and conclusions of law, we reverse the trial court's order granting sanctions and render judgment that Hines take nothing from 21st Mortgage.

REVERSED AND RENDERED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on September 29, 2016
Opinion Delivered December 8, 2016

Before McKeithen, C.J., Kreger and Johnson, JJ.